**Charles F. NELSON, Jr., Appellant,**

**v.**

**PNC MORTGAGE CORPORATION n/k/a Washington Mutual, F.A., And Barrett Burke Wilson Castle Daffin & Frappier, L.L.P., Appellees.**

**No. 05–02–01633–CV.**

Court of Appeals of Texas,
Dallas.

June 22, 2004.

Rehearing Overruled July 7, 2004.

Charles F. Nelson, Mesquite, TX, for Appellant.

Robert F. Maris and Michael J McKleroy, Maris & Lanier, P.C., Dallas, TX, for Appellee.

Before Chief Justice THOMAS and Justices MORRIS and WHITTINGTON.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a summary judgment, Charles F. Nelson, Jr. contends the trial court erred in both hearing and granting the motion for summary judgment filed by PNC Mortgage Corporation n/k/a Washington Mutual, F.A. and Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. Nelson argues, among other things, that the trial court abused its discretion in hearing Washington Mutual's and Barrett Burke's motion for summary judgment before ruling on numerous motions, including discovery motions and motions for summary judgment filed by Nelson long before Washington Mutual's and Barrett Burke's motion for summary judgment was set to be heard. We agree the trial court abused its discretion in proceeding to summary judgment against Nelson before considering and ruling on his pending motions. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings.

Charles F. Nelson, Jr., representing himself while in prison, filed suit against PNC Mortgage Corporation n/k/a Washington Mutual, F.A. and Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. alleging wrongful foreclosure on his home, breach of contract, breach of duty, wrongful eviction, trespass, conversion, defamation, and intentional infliction of emotional distress. Nelson later amended his pleadings to add claims for fraud, fraudulent misrepresentation, and violations of the Texas Deceptive Trade Practices Act.

On January 15, 2001, Nelson sent Washington Mutual a "Motion Requesting Admissions." Although the document was styled as a motion, the first paragraph stated the document contained requests for admissions pursuant to rule 198 of the Texas Rules of Civil Procedure and further stated that responses to the requests were due within 30 days of the date of their service. Washington Mutual did not respond to the requests within the time permitted by the rule.

On March 20, 2001, Nelson filed a motion for summary judgment against Washington Mutual relying on the bank's deemed admissions. A hearing on the motion was scheduled for May 2. Although Nelson filed a motion with the trial court generally asserting he had a "right to participate in hearings" and sent a letter to the trial court's coordinator requesting that he be allowed to appear at the hearing on May 2 through either a bench warrant, a telephone conference, or a video conference, the trial court did nothing with respect to Nelson's request. The trial court did, however, grant the bank an extension

of time to respond to Nelson's motion for summary judgment and then denied the summary judgment motion on June 14. A copy of the order denying Nelson's motion for summary judgment was not sent to Nelson until July 24. In late October, Washington Mutual moved to withdraw its deemed admissions. The trial court granted the motion to withdraw the admissions on April 5, 2002.

Nelson also sent requests for admission to Barrett Burke. Like Washington Mutual, Barrett Burke did not respond to Nelson's requests for discovery within the time allowed.[1] Nelson filed a motion for summary judgment against Barrett Burke based on its deemed admissions on February 20, 2002. The record shows that, between January 2001 and June 2002, Nelson also filed approximately twelve discovery motions alleging abuse of the discovery process by Washington Mutual and Barrett Burke. During that same time period, Nelson sent eight letters to the court requesting that his motions be set for a hearing. There is no indication in the record that hearings were scheduled for Nelson's summary judgment or discovery motions or that the trial court ever ruled on his motions.

In comparison, Washington Mutual and Barrett Burke filed a motion to compel discovery and for sanctions on May 1, 2002 and a motion for protective order on May 13. Their motions were promptly set to be heard on May 30, 2002. Nelson filed a petition for writ of habeas corpus ad testificandum and a motion entitled "Demand to be Heard." In both motions Nelson argued he had a right to participate meaningfully in hearings on the defendants' motions. Nelson also noted that the defendants' motions had been set quickly for a hearing while the court had not scheduled hearings for any of his pending motions. Although there is no order in our record, the trial court's docket sheet indicates that only an attorney for the defendants appeared at the hearing on May 30 and both of the defendants' motions were granted.

On May 13, 2002, while Nelson had many discovery motions pending, Washington Mutual and Barrett Burke filed a motion for both a traditional and a "no evidence" summary judgment against Nelson. This motion was promptly scheduled for a hearing on June 12. On May 28, Nelson filed a verified [2] "Motion to Extend Time" asking the trial court to postpone the hearing on the defendants' motion for summary judgment stating he needed more time to obtain affidavits. Nelson additionally requested that the trial court schedule his previously filed motion for summary judgment against Barrett Burke to be heard at the same time as the defendants' motion for summary judgment. Also on May 28, Nelson filed a "Submission of Evidence" including specifically a copy of the requests for admission sent to Barrett Burke and a document acknowledging receipt of the discovery signed by a lawyer representing Barrett Burke. Nelson's motion for summary judgment was never scheduled to be heard. On May 30, Barrett Burke filed a motion to withdraw its admissions. The motion was never ruled on.

---

1. Although the record contains a signed receipt dated May 6, 2001 acknowledging that an attorney for Barrett Burke received the discovery from Nelson, Barrett Burke contends it had no knowledge of the requests for admission until over a year after they were served.

2. All of Nelson's verifications were in the form of unsworn declarations pursuant to section 132.001 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 132.001 (Vernon 1997).

On June 7, 2002, Nelson filed another verified motion to continue the summary judgment hearing. In this motion, Nelson raised the issue of the outstanding discovery motions and the inequity of proceeding on the defendants' motion before the discovery issues were resolved.

Finally, on June 10, 2002, Nelson filed his third verified motion to continue the hearing on the defendants' motion for summary judgment. Nelson argued, once again, that he had good cause to seek a continuance because the trial court had yet to rule on any of his discovery motions or other pending motions. Nelson further contended he received his first response to his request for documents from the defendants on June 6, only six days before the scheduled hearing. Finally, Nelson asked the court to allow him to participate in the hearing in some manner. Nelson argued that refusing to allow him to participate meaningfully would violate his right to due process. Although the trial court's docket sheet notes that it denied a motion to reschedule the summary judgment hearing, there is no order in the record and it is unclear as to which of Nelson's three motions for continuance the docket entry refers.

The hearing on Washington Mutual and Barrett Burke's motion for summary judgment was held on June 12. Counsel for the defendants appeared. That same day the trial court signed a final judgment granting the defendants' motion and ordering that Nelson take nothing by his claims.[3] Nelson filed a verified motion for new trial again raising the issue of the trial court's failure to rule on his pending discovery motions and its refusal to grant him a continuance. Nelson also noted that the deemed admissions of Barrett Burke had never been withdrawn and the admissions created at least a fact issue about the claims against Barrett Burke. Nelson's motion for new trial was overruled by operation of law.

■ In reviewing this case on appeal, our concern is not so much with the alleged errors in the trial court's rulings. Instead, our concern lies with the trial court's repeated failure to hear or rule on the numerous motions filed by Nelson despite Nelson's persistent requests for action. A trial court is required to consider and rule upon a motion within a reasonable time. See In re Ramirez, 994 S.W.2d 682, 683 (Tex.App.-San Antonio 1998, orig. proceeding). In this case, the vast majority of Nelson's motions were never ruled on. Yet, Washington Mutual's and Barrett Burke's were set promptly and ruled on in Nelson's absence.

■ The trial court granted summary judgment against Nelson without giving any apparent consideration to his discovery motions. By taking no action on Nelson's discovery motions before ordering that he take nothing by his claims, Nelson was not given a reasonable opportunity to be heard on the significant issue of his access to evidence that may have supported his claims. Fundamental requirements of due process demand that a party to a cause be given an opportunity to be heard. Cf. Creel v. Dist. Attorney for Medina County, 818 S.W.2d 45, 46 (Tex. 1991).

■ In his motions to continue the hearing on Washington Mutual and Barrett Burke's motion for summary judgment, Nelson made the trial court aware of the fact it had not ruled on his pending discovery motions, including motions to compel discovery Nelson previously requested.

3. Six weeks after granting the summary judgment against Nelson, the trial court signed an order dismissing the case for want of prosecution. The trial court later vacated this order.

Although we question how the trial court could have granted final summary judgment to Barrett Burke when its admissions of fact remained in effect, we need not address Nelson's complaint about that issue because we conclude the trial court abused its discretion in failing to grant Nelson a continuance of the summary judgment hearing. Nelson may or may not be entitled to the discovery he requested. That decision remains with the trial court. But Nelson, even as an incarcerated prisoner, was entitled to a ruling on the numerous discovery motions he filed and requested to be heard. The trial court's failure to rule on Nelson's discovery motions foreclosed any possibility of Nelson exercising his right to obtain reasonable discovery before summary judgment was rendered against him. *Cf. Tempay, Inc. v. TNT Concrete & Constr., Inc.*, 37 S.W.3d 517, 522 (Tex.App.-Austin 2001, pet. denied). We conclude the trial court abused its discretion in failing to grant a continuance of the summary judgment hearing to address Nelson's long-pending discovery motions. We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.