Jay Sandon COOPER, Appellant

v.

**CIRCLE TEN COUNCIL BOY SCOUTS OF AMERICA,**
Appellee.

No. 05–05–01568–CV.

Court of Appeals of Texas,
Dallas.

May 16, 2008.

Jay Sandon Cooper, Plano, for Appellant.

Jerry L. Ewing, Gregory R. Ave, Walters, Balido & Crain, L.L.P., Dallas, for Appellee.

Before Justices FITZGERALD, LANG–MIERS, and MAZZANT.

## OPINION

Opinion by Justice LANG–MIERS.

This is an appeal from the trial court's order granting summary judgment in favor of Circle Ten Council Boy Scouts of America and awarding it attorney's fees as the prevailing party in a declaratory judgment action. The sole issue below was whether Circle Ten Council is a governmental body for purposes of the Texas Public Information Act (TPIA). *See* TEX. GOV'T CODE ANN. §§ 552.001–.353 (Vernon 2004 & Supp.2007). The trial court concluded it was not. We affirm the trial court's summary judgment and the award of attorney's fees.

### FACTUAL AND PROCEDURAL BACKGROUND

Jay Sandon Cooper sent Gene Stone, Scout Executive and Chief Executive Officer of Circle Ten Council, a letter pursuant to the TPIA requesting disclosure of information relating to the operation of the Dallas Police Department's Explorer program. Stone replied that Circle Ten Council is a private organization and not subject to the TPIA's disclosure requirements. Cooper then filed this lawsuit pro se seeking a declaration that Circle Ten Council is a governmental body subject to the TPIA and required to disclose the information. Circle Ten Council moved for summary judgment on the ground that it is not a governmental body as a matter of law and for attorney's fees as sanctions under chapter 10 of the civil practice and remedies code for filing a frivolous lawsuit. *See id.* § 552.003 (defining "governmental body"); TEX. CIV. PRAC. & REM.CODE ANN. §§ 10.001–.006 (Vernon 2002) (authorizing sanctions when court determines person signed frivolous pleading in violation of section 10.001). Circle Ten Council attached Stone's affidavit as summary judgment evidence.

In his response to the motion, Cooper objected to Stone's affidavit. He also attached as evidence three Texas Attorney General opinions concerning whether three unrelated entities are governmental bodies for purposes of the TPIA; various newspaper articles about the Boy Scouts, Circle Ten Council, and the DPD Explorer program; a memorandum relating to the City of Dallas's investigation of the DPD Explorer program; and various DPD records. Cooper also attached his own affidavit in which he stated he did not have adequate time to conduct discovery prior to the summary judgment hearing. Circle Ten Council filed written objections to Cooper's evidence.

On referral from the district court, an associate judge heard argument on the motion for summary judgment, granted it, and awarded Circle Ten Council $8,130.04 in attorney's fees as the prevailing party in a declaratory judgment action. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). Neither party obtained rulings on their objections to the other's summary judgment evidence. Cooper appealed the associate judge's decision to the district court. While that appeal was pending, he filed a motion for leave to amend his original petition to conform to issues tried without objection and to join the State of Texas as a party. He also styled the motion as seeking, alternatively, leave to amend his response to the motion for summary judgment. The trial court denied the motion for leave.[1] The district court heard Cooper's appeal and granted the same relief to Circle Ten Council that the associate judge had granted.

In this pro se appeal, Cooper argues that the trial court (1) abused its discretion by denying his motion for leave to amend; (2) erred by granting summary judgment in favor of Circle Ten Council without affording him adequate time for discovery; (3) abused its discretion by granting summary judgment before discovery was completed as required by the pretrial scheduling order; (4) erred by granting summary judgment because genuine issues of material fact exist; (5) erred by granting summary judgment because Circle Ten Council's summary judgment evidence is not competent or admissible; and (6) abused its discretion by awarding attorney's fees to Circle Ten Council.

■ We begin by noting that, although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex.App.-San Antonio 1999, pet. denied).

## THE TEXAS PUBLIC INFORMATION ACT

The TPIA provides the procedure by which the public may access "complete information about the affairs of government and the official acts of public officials and employees." TEX. GOV'T CODE ANN. § 552.001 (Vernon 2004). Information is public information and subject to disclosure under the TPIA if it is collected, assembled, or maintained by a governmental body under a law or ordinance or in connection with the transaction of official business. *See id.* § 552.002 (Vernon 2004).

---

1. Cooper filed an interlocutory appeal of the court's order denying his motion for leave, and we dismissed that appeal for want of jurisdiction. *See Cooper v. Circle Ten Council*, Boy Scouts of America, No. 05–05–01074–CV, 2005 WL 2764254 (Tex.App.-Dallas Oct.26, 2005, no pet.) (mem.op.)

If a person requests public information from a governmental body and the governmental body fails to disclose the information, the requestor may enforce the statutory right of access by suing for a writ of mandamus to compel disclosure. *Id.* § 552.321 (Vernon 2004). The TPIA defines "governmental body" as

(i) a board, commission, department, committee, institution, agency, or office that is within or is created by the executive or legislative branch of state government and that is directed by one or more elected or appointed members;

(ii) a county commissioners court in the state;

(iii) a municipal governing body in the state;

(iv) a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county or municipality;

(v) a school district board of trustees;

(vi) a county board of school trustees;

(vii) a county board of education;

(viii) the governing board of a special district;

(ix) the governing body of a nonprofit corporation organized under Chapter 67, Water Code, that provides a water supply or wastewater service, or both, and is exempt from ad valorem taxation under Section 11.30, Tax Code;

(x) a local workforce development board created under Section 2308.253;

(xi) a nonprofit corporation that is eligible to receive funds under the federal community services block grant program and that is authorized by the state to serve a geographic area of the state; and

(xii) the part, section, or portion of an organization, corporation, commission, committee, institution, or agency that spends or that is supported in whole or in part by public funds[.]

*Id.* § 552.003(1)(A)(i)-(xii) (Vernon 2004). "Public funds" means funds of the state or of a governmental subdivision of the state. *Id.* § 552.003(5) (Vernon 2004).

Cooper's petition does not allege which of these definitions he contends applies to Circle Ten Council. Circle Ten Council contends that the only definition that could apply is (xii): "the part, section, or portion of an organization, corporation, commission, committee, institution, or agency that spends or that is supported in whole or in part by public funds."

## MOTION FOR LEAVE TO AMEND

■■■ In his first issue, Cooper argues that the trial court erred by denying his motion for leave to amend his petition, or alternatively, to supplement his summary judgment response, to conform to issues he contends were tried without objection before the associate judge. When matters are tried without objection, a party may move for leave to amend its pleadings to conform to the evidence or to raise those issues. TEX.R. CIV. P. 67. Unpleaded issues may be tried by consent in summary judgment proceedings if no one objects. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991).

In his original petition, Cooper sought a declaration that Circle Ten Council is a governmental body subject to the TPIA. In his motion for leave, he also sought a declaration interpreting section 552.301 of the government code to require that when an entity receives a request for information but claims it is not a governmental body, it must seek an opinion from the attorney general regarding whether the entity is a governmental body within ten days of receiving the request for information. *See* TEX. GOV'T CODE ANN. § 552.301 (Vernon Supp.2007). He also sought leave

to add the state as a party. He contends that the trial court had no discretion to refuse the amendment because Circle Ten Council did not present evidence of surprise or prejudice. *See* Tex.R. Civ. P. 63, 66. We cannot agree.

■ "Trial by consent is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unplead issue." *Mastin v. Mastin,* 70 S.W.3d 148, 154 (Tex. App.-San Antonio 2001, no pet.) (citing *Stephanz v. Laird,* 846 S.W.2d 895, 901 (Tex. App.-Houston [1st Dist.] 1993, writ denied)). In determining whether an issue was tried by consent, we must "examine the record not for evidence of the issue, but rather for evidence of trial of the issue." *Id.; see Watts v. Watts,* 563 S.W.2d 314, 316 (Tex.Civ.App.-Dallas 1978, writ ref'd n.r.e.).

In this case, the record does not support Cooper's contention that this issue was tried by consent because the appellate record does not contain the transcript of the hearing on the motion for summary judgment. *See Mastin,* 70 S.W.3d at 154. As a result, we have no basis for determining whether the trial court abused its discretion by denying his motion for leave to amend.

Additionally, Cooper asked for leave to join the state as a party, but he does not address this issue on appeal. Accordingly, it is not properly before us. *See* Tex. R.App. P. 38.1.

We resolve appellant's first issue against him.

## SUMMARY JUDGMENT

Cooper challenges the summary judgment on several grounds: (1) it was premature because he needed additional time for discovery, and time remained for discovery under the court's pretrial scheduling order; (2) Circle Ten Council's evidence was incompetent and inadmissible; and (3) he raised a fact issue about whether Circle Ten Council is a governmental body.

### A. Standard of review

■ Circle Ten Council moved for summary judgment under Texas Rule of Civil Procedure 166a(c).[2] A party moving for summary judgment under rule 166a(c) must establish that there is no genuine issue of material fact so that it is entitled to judgment as a matter of law. *W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005). Summary judgment for a defendant is proper when the summary judgment evidence negates an essential element of the plaintiff's cause of action as a matter of law. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Jorden v. Ensign–Bickford Co.,* 20 S.W.3d 847, 849 (Tex.App.-Dallas 2000, pet. denied). Once the defendant produces evidence entitling it to summary judgment, the burden shifts to the plaintiff as nonmovant to present evidence raising a fact issue. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996); *City of Houston v. Clear*

**2.** Cooper initially contends that Circle Ten Council's motion for summary judgment was a no-evidence motion under rule 166a(i) and that a no-evidence summary judgment is improper until after an adequate time for discovery. *See* Tex.R. Civ. P. 166a(i). We cannot agree that Circle Ten Council's motion was a no-evidence motion. Contrary to Cooper's argument, Circle Ten Council did not assert that there was "no evidence" of one or more elements of Cooper's cause of action. *See id.* And Circle Ten Council attached summary judgment evidence to its motion. Although Circle Ten Council did not state which summary judgment rule it was moving under, we construe its pleading and attached evidence as a traditional motion filed under rule 166a(c). *See* Tex.R. Civ. P. 166a(c).

*Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979).

In deciding whether there is a disputed material fact issue precluding summary judgment, we consider the evidence in the light most favorable to the nonmovant, take evidence favorable to the nonmovant as true, and resolve any doubt in the non-movant's favor. *Urena,* 162 S.W.3d at 550; *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Additionally, we accept as true evidence in support of the motion if it is not controverted. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Jorden,* 20 S.W.3d at 849. A matter is conclusively established if reasonable people could not differ as to the conclusions to be drawn from the evidence. *City of Keller v. Wilson,* 168 S.W.3d 802, 823–25 (Tex. 2005).

### B. Was summary judgment premature?

#### 1. Continuance of summary judgment hearing based on motion

 In his second issue, Cooper contends that it was error to grant summary judgment without allowing him additional time for discovery. We review a trial court's decision whether to grant a party additional time for discovery before a summary judgment hearing for an abuse of discretion. *Tenneco, Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex.1996).

 A party contending that he has not had an adequate opportunity for discovery before a summary judgment hearing must file either an affidavit explaining his need for additional discovery or a verified motion for continuance. *Id.; see* TEX. Rs. CIV. P. 166a(g), 251, 252. The affidavit must describe the evidence sought, explain its materiality, and set forth facts showing

the due diligence used to obtain the evidence prior to the hearing. *MKC Energy Invs., Inc. v. Sheldon,* 182 S.W.3d 372, 379 (Tex.App.-Beaumont 2005, no pet.) (quoting *Carter v. MacFadyen,* 93 S.W.3d 307, 310 (Tex.App.-Houston [14th Dist.] 2002, pet. denied)). In considering whether the trial court abused its discretion, we consider such factors as the length of time the case had been on file before the hearing, the materiality of the discovery sought, whether the party seeking the continuance exercised due diligence in obtaining the discovery, and what the party expects to prove. *Id.* (citing *Carter,* 93 S.W.3d at 310).

Cooper did not comply with the rules. *See* TEX. Rs. CIV. P. 166a(g), 251, 252; *Tenneco, Inc.,* 925 S.W.2d at 647. Although he filed a response to the summary judgment motion, he did not file a verified motion for continuance, and that fifteen-page document only states, in two short paragraphs on pages eight and thirteen, that he has not had adequate time for discovery. He does not specifically ask for a continuance in the response, nor does he ask for a continuance in his prayer for relief. He also did not file an affidavit setting forth specific details concerning his need for additional time for discovery. *See* TEX. Rs. CIV. P. 166a(g), 251, 252. Instead, in the last sentence of the three-page affidavit he filed in opposition to the summary judgment, Cooper "requests that the Court refuse the Defendant's application for judgment as premature, and order that discovery continue in accordance with the Texas Rules of Civil Procedure."[3] He did not provide any specific details in his response or affidavit regarding the type of discovery he anticipated, stating only "that given full opportunity for discovery of the

---

**3.** Although the trial court did not expressly rule on this request, we conclude that the trial court implicitly overruled the request when it heard the motion without granting a continuance. *See Cherry v. McCall,* 138 S.W.3d 35, 40 (Tex.App.-San Antonio 2004, pet. denied).

facts in this case, Plaintiff will establish Defendant is a 'governmental body.' " As a result, the trial court did not have a basis on which to weigh the materiality of the requested discovery.

Additionally, Cooper did not provide any information regarding the diligence on his part in obtaining the discovery prior to the hearing. *See Lee v. Haynes & Boone, L.L.P.*, 129 S.W.3d 192, 198 (Tex.App.-Dallas 2004, pet. denied). In fact, the record in this case reflects that Cooper requested the information from Circle Ten Council over two years before he filed this action. A trial court may presume that a plaintiff investigated his own case prior to filing the lawsuit. *Carter*, 93 S.W.3d at 311. It also shows that the case was on file over four months before the summary judgment motion was filed and the hearing on the motion was held thirty-eight days after the motion was filed. And generally it is not an abuse of discretion to deny a motion for continuance when the party has received the twenty-one days' notice required by rule 166a(c). *Lee*, 129 S.W.3d at 198; *Sheldon*, 182 S.W.3d at 378–79.

We conclude that the trial court did not abuse its discretion by denying his request for relief.

We resolve appellant's second issue against him.

### 2. Continuance of summary judgment hearing based on pretrial scheduling order

In his third issue, Cooper contends that summary judgment was premature because it was granted before the date established in the pretrial scheduling order for completion of discovery had passed. He does not cite any authority to support his position that a motion for summary judgment filed under rule 166a(c) cannot be granted prior to the date established by the court for completion of dis-

covery. In fact, rule 166a(b) allows a party to file a motion at any time. *Cf.* Tex.R. Civ. P. 166a(b) ("A party against whom a . . . declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor") *with* Tex.R. Civ. P. 166a(i) ("After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which a adverse party would have the burden of proof at trial."). Additionally, we previously concluded that Cooper did not present sufficient facts to support his claimed need for additional time for discovery. *See Lee*, 129 S.W.3d at 198; *Carter*, 93 S.W.3d at 310–11. We conclude that the trial court did not abuse its discretion by granting summary judgment prior to the date established by the court for completion of discovery.

We resolve appellant's third issue against him.

### C. Admissibility of Circle Ten Council's summary judgment evidence

We next address Cooper's fifth issue, in which he contends that Stone's affidavit is incompetent and inadmissible because it is not based on personal knowledge and contains hearsay and legal conclusions.

An objection that an affidavit is not based on personal knowledge or contains hearsay are objections to defects in the form of the affidavit. *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex.1990); *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex.App.-Dallas 2005, no pet.). To preserve objections to defects in form, a party must obtain a ruling on the objection. *Stewart*, 156 S.W.3d at 207. Cooper filed written objections to the affidavit, but he did not obtain rulings on his objections.

**698**

However, because Stone's affidavit is the sole evidence upon which the summary judgment could have been based, we conclude that the trial court implicitly overruled Cooper's objections. *See* Tex.R.App. P. 33.1(a)(2)(A); *Dolcefino v. Randolph,* 19 S.W.3d 906, 927 & n. 16 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Frazier v. Yu,* 987 S.W.2d 607, 609–10 (Tex.App.-Fort Worth 1999, pet. denied).

Additionally, Cooper's objections that statements in the affidavits are legal conclusions are objections to defects in the substance of the affidavit and may be raised for the first time on appeal. *See Sefzik v. City of McKinney,* 198 S.W.3d 884, 899 (Tex.App.-Dallas 2006, no pet.); *Stewart,* 156 S.W.3d at 207. An improper legal conclusion is one that does not provide underlying facts to support the conclusion. *See Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991) (attorney's affidavit that stated only legal conclusions that "I acted properly ... and have not violated the [DTPA] ... [and] did not breach my contract ...." did not provide underlying basis or reasoning to support conclusions and would not support summary judgment); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984) (holding affidavits stating legal conclusions, not facts, incompetent summary judgment proof).

**1. Personal knowledge/hearsay**

Stone testified in his affidavit that he is "personally acquainted with the facts herein stated and such facts as stated are true and correct." Cooper argues, without supporting authority, that being "personally acquainted" with the facts contained in the affidavit is not sufficient to show that Stone had personal knowledge as required by rule 166a(f). *See* Tex.R. Civ. P. 166a(f). We disagree. Stating that one is "personally acquainted" with the facts contained in the affidavit is sufficient to meet the personal knowledge requirement. *Churchill*

*v. Mayo,* 224 S.W.3d 340, 346 (Tex.App.-Houston [1st Dist.] 2006, pet. denied) ("By stating that she is 'personally acquainted with the facts herein stated,' the affidavit plainly represents that it is made from her personal knowledge.") (citing *Vaughan,* 792 S.W.2d at 945 for proposition that summary judgment affidavit need not recite the phrase "personal knowledge," if affidavit clear that affiant is testifying based on personal knowledge); *Merch. Ctr., Inc. v. WNS, Inc.,* 85 S.W.3d 389, 396 (Tex.App.-Texarkana 2002, no pet.).

Cooper also argues that merely reciting that an affidavit is made on personal knowledge is insufficient, and that Stone's affidavit does not disclose the basis of that knowledge. We again disagree. Stone testified that he is the Scout Executive and CEO of Circle Ten Council and, as such, has "knowledge concerning its operations and organization." This statement is sufficient to demonstrate the manner in which Stone became familiar with the facts at issue. *See Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 176 (Tex.App.-Dallas 2000, pet. denied) (affidavit makes clear that as general manager, affiant knowledgeable of club's policies and bylaws); *Stucki v. Noble,* 963 S.W.2d 776, 780 (Tex.App.-San Antonio 1998, pet. denied) (personal knowledge requirement satisfied if affidavit sufficiently describes relationship between affiant and case so that it may be reasonably assumed that affiant has personal knowledge of facts stated in affidavit).

Additionally, Cooper contends that "Stone's testimony is riddled with objectionable hearsay." But Cooper does not cite any particular statement contained in the affidavit about which he complains. Instead, this complaint is made within his argument that the affidavit is not based on personal knowledge. We conclude that the trial court did not abuse its discretion

by implicitly overruling Cooper's objections that the affidavit was not based on Stone's personal knowledge and contained hearsay.

## 2. Legal conclusions

■ In the trial court, Cooper objected to every paragraph in Stone's affidavit on the ground that it contained legal conclusions. On appeal, however, Cooper does not specify which paragraph he contends is objectionable. Instead, he generally argues that "affiant Gene Stone purports to testify to the legal character of entities ... [to which Cooper] objected, and continues to object, to such testimony as conclusory and as improper legal conclusions." The only objection Cooper made at trial to which this argument could reasonably be applied is his objection that "Mr. Stone's characterization of local organizations as 'chartered organizations' [calls] for a legal conclusion as to the legal form of the entity."

Stone testified that

Sponsorship of Scout units is done by local organizations. These local organizations are called chartered organizations. Chartered organizations are often churches or service clubs, but can also be public entities such as police departments. The Scout unit operates within and is under the control of the chartered organizations. To oversee the Scout unit, the chartered organization forms a committee, which is the body that makes the day to day decisions for the local Scout unit.

Cooper does not cite any authority for his argument that a "chartered organization" is a "legal entity" about which Stone is not qualified to opine. In fact, Stone's affidavit shows that he is familiar with the scouting operations and qualified to testify about those operations, including the name used to refer to the sponsoring organiza-

tions. And his affidavit does not state a legal opinion about the nature of a "chartered organization" as a legal entity. Consequently, we conclude that this excerpt from Stone's affidavit does not state a legal conclusion, but even if it did, it provides underlying facts upon which this statement is based and, therefore, is not an improper legal conclusion. *See Anderson,* 808 S.W.2d at 55; *Brownlee,* 665 S.W.2d at 112; *Rizkallah v. Conner,* 952 S.W.2d 580, 586–88 (Tex.App.-Houston [1st Dist.] 1997, no writ).

■ Cooper also argues that Stone's testimony that Circle Ten Council is a "private corporation" is without factual basis. We construe this as a complaint that the statement is a legal conclusion without supporting facts in the affidavit.

Stone testified that

Circle Ten Council is a private corporation, not a part of any branch of state or local government, and not created by the legislative or executive branch of the state government. Circle Ten Council is not directed by one or more publicly elected or appointed members.

Circle Ten Council is a private corporation that promotes the Scouting program in its geographical area. Obviously, it is not a county commissioners court, a municipal governing body, a body with rulemaking or quasi-judicial power, a school district board of trustees, a county board of school trustees, the governing board of a special district, a governing body providing a water supply or wastewater service, a local workforce development board, nor a nonprofit corporation that receives funds under the federal community services block grant program and authorized by the state to serve a geographic area.

Circle Ten Council is a private corporation not supported in whole or in part by public funds. Circle Ten Council

does not spend public funds. All funds supporting Circle Ten Council are provided by private sources, from various sources such as friends of scouting, foundations, United Way, sales of supplies, fees for camping and activities, and product sales.

As we have noted, Stone's position as Scout Executive and CEO of Circle Ten Council qualified him to testify about its operations, including sources of funding and organizational structure. *See Rizkallah,* 952 S.W.2d at 586–88. We conclude that Stone's testimony that Circle Ten Council is a "private corporation" is supported by sufficient facts contained within his affidavit and does not constitute an improper legal conclusion.

We resolve Cooper's fifth issue against him.

### D. Did Cooper raise a fact issue precluding summary judgment?

In his fourth issue, Cooper contends that he raised a fact issue about whether Circle Ten Council is a governmental body. Cooper did not allege which definition of "governmental body" he contends applies to Circle Ten Council. We agree, however, with Circle Ten Council that, because Cooper attempted to show that Circle Ten Council is supported in part by public funds, only subsection (xii) could apply in this case.

In addition to the testimony we discussed above, Stone testified that the Explorer programs are operated as individual scouting units directed by their chartered organizations and that Circle Ten Council does not initiate, operate, or maintain control over any Explorer program. Stone stated that Circle Ten Council is a private corporation, is not directed by publicly-elected or appointed members, is not supported in whole or part by public funds, and does not spend public funds. He ex-

plained the sources of Circle Ten Council's funding, all of which were private sources. We conclude that this evidence was sufficient to conclusively establish that Circle Ten Council does not receive or spend public funds and, therefore, is not a governmental body under subsection (xii), section 552.003 of the government code, as a matter of law.

Cooper contends, however, that he raised a fact issue precluding summary judgment. He contends that his evidence shows that the money Circle Ten Council receives from United Way involves public funds because the DPD members of the Explorer program are paid with police department, *i.e.* public, funds either through overtime pay or compensation time and the United Way bases the dollar amount it gives to Circle Ten Council on the number of members on DPD's Explorer roster. But Cooper's evidence does not show that the United Way receives public funds "of the state or of a governmental subdivision of the state" which it in turn gives to Circle Ten Council. *See* Tex. Gov't Code Ann. § 552.003(5); *Blankenship v. Brazos Higher Educ. Auth., Inc.,* 975 S.W.2d 353, 360–62 (Tex.App.-Waco 1998, pet. denied). Instead, it shows, if it does, that United Way may base the funds it gives to Circle Ten Council on a list created by a public entity and that the persons on that list may be paid with public funds. Additionally, Cooper's evidence does not contradict Stone's testimony that Circle Ten Council exercises no control over the DPD Explorer program, and does not show that Circle Ten Council receives or spends public funds from any source. We conclude that Cooper did not raise a fact issue about whether Circle Ten Council is a governmental body subject to the TPIA.

We resolve Cooper's fourth issue against him.

### ATTORNEY'S FEES

 In his sixth issue, Cooper argues that the trial court abused its discretion by awarding attorney's fees to Circle Ten Council because attorney's fees are not authorized in an action under the TPIA and because there is no evidence to support the award. He contends that we should construe his lawsuit as a writ of mandamus under section 552.321 instead of an action under the declaratory judgments act. *See* Tex. Gov't Code Ann. § 552.321 (Vernon 2004) (authorizing person who requested information under TPIA to file suit for writ of mandamus compelling governmental body to make information available for public inspection). And he contends that attorney's fees are not available to the prevailing party in a mandamus action under section 552.321. *See id.* However, Cooper does not cite, and we have not found, where he raised this issue below. *See* Tex.R.App. P. 33.1. Additionally, it is clear from Cooper's petition and motion for leave to amend that he filed this lawsuit pursuant to chapter 37 of the civil practice and remedies code, known as the Uniform Declaratory Judgments Act, and sought attorney's fees pursuant to section 37.009 of that chapter. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 37.002, .009 (Vernon 1997).

A trial court has discretion to award attorney's fees under the declaratory judgments act. *See id.* § 37.009. And the award of attorney's fees is not limited to the plaintiff or the party affirmatively seeking declaratory relief. *See Mandell v. Mandell,* 214 S.W.3d 682, 690 (Tex.App.-Houston [14th Dist.] 2007, no pet.). The only restrictions are that the fees must be reasonable and necessary and the award must be equitable and just. Tex. Civ. Prac. & Rem.Code Ann. § 37.009. Circle Ten Council submitted evidence of reasonable and necessary attorney's fees in the form of an attorney affidavit filed on the date of the summary judgment hearing. Cooper has not cited, and we have not found, where he objected to this evidence at the hearing or later in his appeal to the district court. As a result, he did not preserve this issue for our review. *See* Tex. R.App. P. 33.1(a); *Harlingen Irrigation Dist. Cameron County No. 1 v. Caprock Comm'n Corp.,* 49 S.W.3d 520, 534 (Tex. App.-Corpus Christi 2001, pet. denied).

We resolve Cooper's sixth issue against him.

### CONCLUSION

We affirm the trial court's judgment.