Affirmed and Memorandum Opinion filed February 24, 2009








Affirmed and Memorandum Opinion filed February 24, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00400-CV

____________

 

WALTER MOORE, Appellant

 

V.

 

BEL-LINDO APARTMENTS, Appellee

 



 

On Appeal from County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 884283

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Walter Moore, a pro se litigant, appeals from a
judgment favoring Bel-Lindo Apartments in a landlord-tenant dispute.  The trial
court awarded Bel-Lindo $1,670 for unpaid rent and ordered appellant to
relinquish possession of the apartment at issue to Bel-Lindo.  On appeal,
appellant complains of various actions of Bel-Lindo, including locking him out
of the apartment, failing to make necessary repairs, and invading his privacy. 
We affirm.








Background

Bel-Lindo sued appellant, seeking unpaid rents and
possession of the apartment appellant occupied.  In response, appellant denied
all of Bel-Lindo=s allegations and made numerous
allegations against Bel-Lindo.  During a bench trial, Bel-Lindo=s representative
testified regarding the landlord-tenant relationship between appellant and Bel
Lindo as well as appellant=s alleged breach of the lease agreement,
including failure to pay rent over a period of time.  Moore testified that
Bel-Lindo representatives had entered the apartment without permission, locked
him out of the apartment, and failed to make necessary repairs.  At the
conclusion of the trial, the trial court entered judgment for Bel-Lindo,
awarding Bel-Lindo $1,670 for unpaid rent, $750 in attorney=s fees, and
possession of the apartment.  In the judgment, the trial court also denied all
relief not expressly granted therein.

Discussion

While we have compassion for the plight of the pro se
litigant attempting to follow the rules of legal procedure and substantive
laws, and therefore construe pro se pleadings and briefs liberally, we must
still hold appellant to the same standard as a licensed attorney, requiring
that he follow those same rules and laws.  Mansfield State Bank v. Cohn,
573 S.W.2d 181, 184‑85 (Tex. 1978); Cooper v. Circle Ten Council Boy
Scouts of Am., 254 S.W.3d 689, 693 (Tex. App.CDallas 2008, no
pet.).  To do otherwise would give a pro se litigant an unfair advantage over a
litigant represented by counsel.  Mansfield State Bank, 573 S.W.2d at
185; Cooper, 254 S.W.3d at 693.








Appellant=s brief reads like a trial court pleading,
making numerous allegations against Bel-Lindo.  Appellant=s brief, however,
does not allege that the trial court erred in any specific way.  In short,
appellant requests reversal of the trial court=s order, but
provides no legal basis for such reversal, only a litany of Bel-Lindo=s transgressions. 
An appellate brief must contain appropriate argument for the relief sought.  See
Tex. R. App. P. 38.1(h); Sterling
v. Alexander, 99 S.W.3d 793, 799 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied).  Because appellant=s brief does not
raise any question of error on the part of the trial court, we must summarily
overrule any issues appellant has attempted to raise.

We affirm the trial court=s judgment.

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.