**Affirmed and Opinion Filed August 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00605-CV

**EXPERT TOOL & MACHINE, INC., Appellant**
**V.**
**SEAN PETRAS AND LES STRICKLAND Appellees**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-006986**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Bridges

This case involves the alleged misappropriation of a trade secret after appellees Sean Petras and Les Strickland, former employees of Expert Tool & Machine, Inc., left the company and started their own competing business. The trial court granted a no-evidence motion for summary judgment in favor of Petras and Strickland.

On appeal, Expert Tool first argues the trial court abused its discretion by granting a no-evidence motion for summary judgment before adequate time for discovery had passed. In its remaining issues, Expert Tool argues more than a scintilla of evidence exists to raise a genuine issue of material fact as to its misappropriation of trade secrets, tortious interference, and civil conspiracy causes of action. We affirm the trial court's judgment.

**Background**

Expert Tool is a Dallas-based machining, fabrication, and welding company. Rudolph Kobus founded the company almost twenty-five years ago.

In 2001, Petras joined Expert Tool as a welder and later became a production manager. In his role as production manager, Petras prepared estimates for customers, supervised outside projects, and supervised in-house fabrication and machining. Petras used a "price estimator" to prepare bids. Petras described the price estimator as a "blank form," which he filled out with "the particulars of each job to come up with a number for the bid." He explained the price estimator was an internal document used to calculate the formal bid. It was never shown or shared with any potential customer.

Strickland joined Expert Tool in 2002 as an independent contractor and sometimes assisted Petras in preparing bids. In June of 2011, while still employed by Expert Tool, Petras and Strickland told Kobus they had formed their own company called APS Industrial Services to compete directly with Expert Tool. The two men left Expert Tool shortly thereafter. It is undisputed Expert Tool did not require Petras or Strickland to enter into a non-competition agreement or a non-solicitation agreement.

Shortly after their departure, Kobus had forensic work performed on computers to determine if Petras and Strickland had engaged in any wrongdoing prior to their departure. The investigation uncovered an email Petras sent to Strickland with the price estimator attached. However, the email was sent while the two were still employed by Expert Tool and working on a bid for a potential client.

Almost immediately upon their departure from Expert Tool, Strickland and Petras began winning bids from long-term Expert Tool customers. Because Expert Tool believed Petras misappropriated the price estimator, which it considered a trade secret, and suddenly began

losing long-time clients, Expert Tool filed its original petition against Petras and Strickland on June 24, 2013 seeking damages for misappropriation of a trade secret, tortious interference, and civil conspiracy.

The trial court entered a Level 3 discovery order on September 9, 2013. The order set trial for May 19, 2014 and set the deadline for discovery forty-five days before trial. Thus, the parties had almost seven months to complete discovery.

In November of 2013, Expert Tool served written discovery on Petras and Strickland. Both filed their answers and objections to the discovery in December of 2013. Expert Tool also filed a notice of subpoena for production of documents from non-party, APS, on January 6, 2014. APS filed responses and objections to the subpoena on January 17, 2014. Following the parties' objections, Expert Tool's attorney sent a letter on January 27, 2014 explaining why the objections were unfounded and requesting their withdrawal.

Expert Tool never sent a request for production of documents to Petras or Strickland. It also never requested any depositions. Petras and Strickland, on the other hand, deposed Kobus and also obtained written discovery from Expert Tool.

On February 21, 2014, Petras and Strickland filed their traditional and no-evidence motions for summary judgment. They argued there was no evidence supporting Expert Tool's misappropriation of a trade secret, tortious interference, or civil conspiracy claims.

On February 27, 2014, Expert Tool filed a motion to compel defendants' to withdraw objections and answer interrogatories and to compel production of documents from a non-party. On the same day, Expert Tool filed a motion for continuance of the trial. In its continuance motion, Expert Tool argued that once the trial court ruled on its motion to compel, and the defendants and APS complied with the ruling, Expert Tool would then be able to review the discovery responses and take appropriate depositions. It further stated, "The foregoing discovery

–3–

is material to the Plaintiff's claims, and the defendants and APS have refused and continue to refuse to comply with the appropriate discovery rules."

Expert Tool then filed its response to the traditional and no-evidence motion for summary judgment. It argued the no-evidence motion was premature because "discovery remains in progress, including a Motion to Compel discovery from Defendants that is pending before the Court."

On April 16, 2014, the trial court held a hearing to consider Petras' and Strickland's motions for summary judgment and Expert Tool's motion to compel and motion for continuance. At the conclusion of the hearing, the trial court granted the no-evidence motion for summary judgment.[1] The trial court then stated, "Everything else is moot." It did not, however, sign an order denying Expert Tool's continuance or motion to compel. This appeal followed.

## Adequate Time for Discovery

Expert Tool first argues the trial court granted the no-evidence motion for summary judgment before an adequate time for discovery had passed. It specifically argues the court erred in its ruling because (1) Expert Tool's sworn affidavit attached to its summary judgment response demonstrated it had been denied adequate discovery; (2) the trial court did not rule on the merits of its pending motion to compel or sworn motion for continuance of the trial; and (3) the court acknowledged the case had been pending for only "a short time." Petras and Strickland respond Expert Tool failed to preserve this issue for review. Alternatively, if Expert Tool's argument is preserved, Petras and Strickland argue it has failed to establish its need for further discovery through any of its filed documents.

---

[1] The trial court also partially granted Petras' and Strickland's motion to strike evidence in support of Expert Tool's response. Although Expert Tool argues the trial court abused its discretion by striking portions of Kobus' affidavit, we need not reach this issue for disposition of the appeal. TEX. R. APP. P. 47.1.

We address Petras' and Strickland's preservation argument first. They do not dispute Expert Tool filed an affidavit with its summary judgment response requesting additional time for discovery. However, they argue if the affidavit constitutes a request for continuance, Expert Tool failed to request a hearing. Further, they argue Expert Tool never requested a ruling from the trial court.

Petras and Strickland rely on several cases from this Court to support their waiver argument. *See Gonerway v. Corrections Corp. of Am.*, 442 S.W.3d 443, 446 (Tex. App.—Dallas 2013, no pet.) (appellant failed to inform the trial court of her motion for continuance or obtain a ruling on it; therefore, she waived her issue); *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 449 (Tex. App—Dallas 2011, no pet.) (same); *Bryant v. Jeter*, 341 S.W.3d 447, 451 (Tex. App.—Dallas 2011, no pet.) (same); *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224 (Tex. App.—Dallas 2008, pet. struck) (trial court's failure to grant continuance was not properly before appellate court when record failed to show trial court ruled on the motion). The common thread in these cases is that despite a party filing a motion for continuance prior to the summary judgment hearing, the party failed to bring the motion to the trial court's attention and obtain a ruling before the trial court considered the summary judgment motion. Such is not the case before us.

At the beginning of the hearing, the trial court stated the following:

> We're here on a variety of matters. I generally read your filings. I know we have teed up today the defendants' motion for summary judgment. I have read the motion, the response and the reply and the motion to strike in connection with the response.
>
> I've looked at - - briefly at your motion to compel, and I've looked at your motion for continuance, and I'll hear from you on your motion for summary judgment.

Thus, the record reflects the trial court was aware of Expert Tool's motion for continuance. While the better practice would have been for Expert Tool's attorney to ask the trial court to

entertain its motion for continuance before proceeding with the summary judgment, the record is clear the motion was before the court. *But see Quintana*, 347 S.W.3d at 449 (record did not indicate trial court was aware of continuance motion when hearing started with judge stating, "First thing I've got in front of me is Defendant's Motion for Summary Judgment"). Further, after Petras and Strickland finished arguing the summary judgment motion and the court asked Expert Tool for a response, the trial judge first said, "talk to me about the motion for continuance, . . . ." Thus, we do not agree Expert Tool's issue is waived for failing to request a hearing or failing to bring its request for a continuance to the trial court's attention.

We likewise disagree with Petras' and Strickland's contention that the trial court did not rule on Expert Tool's requested continuance. After granting the no-evidence summary judgment, the trial judge stated, "Everything else is moot." By granting the no-evidence motion and stating the other motions were moot, the trial court implicitly overruled Expert Tool's request for a continuance. *See Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 696 (Tex. App.—Dallas 2008, no pet.) ("Although the trial court did not expressly rule on the [motion for continuance], we conclude the trial court implicitly overruled the request when it heard the [summary judgment] motion without granting a continuance."). Having concluded Expert Tool preserved its argument for review, we shall now address whether the trial court abused its discretion by failing to grant a continuance to allow further discovery. *See id.* ("We review a trial court's decision whether to grant a party additional time for discovery before a summary judgment hearing for an abuse of discretion.").

A party contending it has not had adequate time for discovery before a summary judgment hearing must file either an affidavit explaining its need for additional discovery or a verified motion for continuance. *Id.*; *see also* TEX. R. CIV. P. 166a(g). The affidavit must describe the evidence sought, explain its materiality, and set forth facts showing the due

–6–

diligence used to obtain the evidence prior to the hearing. *Cooper*, 254 S.W.3d at 696. In considering whether the trial court abused its discretion by denying the continuance, we consider such factors as the length of time the case had been on file before the hearing, the materiality of the discovery sought, whether the party seeking the continuance exercised due diligence in obtaining the discovery, and what the party expects to prove. *Id.* Further, the affidavit must state with particularity why the continuance is necessary; conclusory allegations are not sufficient. *Lee v. Haynes & Boone, L.L.P.*, 129 S.W.3d 192, 198 (Tex. App.—Dallas 2004, pet. denied).

Here, Mark Alexander, Expert Tool's attorney, filed an affidavit attached to the summary judgment response stating Expert Tool had not yet had sufficient time or an adequate opportunity to conduct discovery. He then stated the following:

> 5. Plaintiff maintains a Motion to Compel that is currently pending before this Court. Obtaining the material that is subject to the Motion to Compel is essential for the preparation of Plaintiff's case.
>
> 6. Additionally, Plaintiff has issued subpoenas deuces tecum to certain non-parties, seeking documents and other material that are essential to the preparation of Plaintiff's case. Plaintiff is still awaiting the results of those subpoenas.

Although Expert Tool argues it "went beyond" the requirements to explain its need for additional discovery, we do not agree. Alexander's affidavit is similar to the affidavit this Court found inadequate in *Lee*. *Id.* In that case, the plaintiff alleged in her affidavit that she needed a continuance to conduct further discovery because the requests for production "are extremely relevant to the issues, and no doubt, will provide evidence essential to support [her] claims." *Id.* We concluded Lee did not provide any specifics regarding the documents she anticipated receiving; therefore, the trial court had no basis to weigh the materiality of the requested discovery or the length of continuance that would be needed. *Id.*

Alexander's affidavit suffers from the same flaws. He fails to explain what discovery Expert Tool still needs or how such discovery is "essential" to the preparation of Expert Tool's case. Although Expert Tool argues any further description of the needed discovery would have been redundant and the materiality of the discovery was established by the discovery itself, such arguments fly in the face of the well-established case law requiring an affidavit to state with particularity, not conclusory statements, why a continuance is necessary, describe the evidence sought, and explain its materiality. *Id.*; *see also Doe v. Roman Catholic Archdiocese of Galveston-Houston*, 362 S.W.3d 803, 813 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (denying motion for continuance when party failed to identify any facts needed for discovery or how any facts party might discover could support the arguments he needed to respond to the summary judgment). Further, Expert Tool's affidavit failed to explain its diligence in attempting to obtain discovery.[2] Under these circumstances, we cannot conclude the trial court abused its discretion by denying Expert Tool's request for a continuance.

In reaching this conclusion, we are mindful Expert Tool filed a motion for continuance. However, its motion requested a continuance of the trial setting and not the summary judgment hearing. Regardless, even if we construed it as a request to continue the summary judgment hearing, the motion suffers from the same deficiencies as its affidavit attached to the summary judgment response.

To the extent Expert Tool urges it was entitled to a ruling from the trial court on its pending motion to compel prior to disposition on the merits by summary judgment, we would agree. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding); *see*

---

[2] Expert Tool again claims the record as a whole shows its diligence in obtaining discovery. However, while it may think it is redundant to include the procedural history of the discovery dispute, that is exactly what the well-established case law requires. *See Lee*, 129 S.W.3d at 198 ("A party seeking more time to oppose a summary judgment must file an affidavit . . . showing the due diligence used to obtain the evidence."); *see also Booklab Inc. v. Konica Minolta Bus. Solutions, Inc*., No. 05-10-00095-CV, 2012 WL 3893521, at *2 (Tex. App.—Dallas Sept. 7, 2012, pet. denied) (mem. op.) (noting affidavit did not set forth party's diligence in attempting to obtain evidence necessary to oppose the summary judgment motion).

*also In re Staff Care, Inc*., No. 05-13-00987-CV, 2013 WL 4506571, at \*1 (Tex. App.—Dallas Aug. 21, 2013, orig. proceeding) ("A trial court has a duty to conduct hearings and render decisions on motions that are properly filed and brought to the court's attention, and a failure to do so is an abuse of discretion."). However, the record before this Court is clear the trial court explicitly overruled the motion to compel when it stated at the end of the hearing that "Everything else is moot."[3]

Despite ruling on its motion to compel, Expert Tool argues this Court's ruling in *Nelson v. PNC Mortgage Corporation*, 139 S.W.3d 442 (Tex. App.—Dallas 2004, no pet.) is "particularly on point," and we should follow its reasoning and reverse the summary judgment. In that case, a pro se inmate filed suit alleging wrongful foreclosure on his home. *Id*. at 443. The record indicated Nelson filed approximately twelve discovery motions and sent eight letters to the court requesting hearings. *Id*. at 444. He also filed motions for summary judgment. *Id*. The court never set any hearings or ruled on Nelson's motions. *Id*. In comparison, the trial court promptly set hearings on the defendants' motion to compel discovery, motion for protective order, and later motions for summary judgment. *Id*. The trial court granted the defendants' summary judgment.

In reversing the summary judgment we said, "our concern lies with the trial court's repeated failure to hear or rule on the numerous motions filed by Nelson despite Nelson's persistent requests for action." *Id*. at 445. We noted the court granted the defendants' summary judgment without giving any apparent consideration to Nelson's discovery motions. *Id*.

Such is not the case here. First, the record does not indicate Expert Tool repeatedly filed motions to compel, which the trial court ignored. Rather, Expert Tool's motion to compel was

---

[3] Expert Tools appears to concede to this ruling in its reply brief. Moreover, while the trial court suggested the motion to compel was denied for mootness, on appeal we review the denial of a motion to compel for an abuse of discretion and regardless of the proffered rationale, look to determine whether the trial court reversibly erred in its ultimate judgment. *See* TEX. R. APP. P. 44.1(a)(1).

set for hearing several times, but because of the court's docket, the hearings were rescheduled. Moreover, nothing indicates Petras and Strickland received preferential treatment when they filed documents.

Here, the trial court acknowledged the pending motion to compel at the beginning of the April 16, 2014 hearing. Unlike the pro se inmate in *Nelson*, who was not able to attend the summary judgment hearing, Expert Tool's attorney presented argument during the hearing and briefly discussed its motion to compel as follows:

> Court: Well, I still haven't heard what it is specifically that's on - - lacking in the discovery that - -
>
> [Expert Tool]: Well, like I said, Judge, if I have my motion to compel here, and frankly I was hoping we'd entertain that first, I have that here. I mean, we've asked for - - and I'm not going to go through everything right now to, you know, say anything more than I need to - - need to.
>
> I asked about who - - who they contacted that were customers - - pardon me - - that were customers of plaintiffs after they left working for plaintiff. They object to that. Well, that's kind of important to know. I could go on and on. I asked them how they come up with their factors for their price estimator. Oh, they object to that. They don't want to tell us how they do that.
>
> I asked them who submitted bids on behalf of APS. They object to that. . . .

The record, however, shows that although Petras and Strickland objected to the above-mentioned interrogatories, they provided answers, subject to their objections. For example, Expert Tool asked them to "Identify all of the entities in which you, on behalf of APS have contacted to obtain work from since you ceased doing business with plaintiff." Strickland answered, "Subject to the foregoing objections, Defendant answers as follows. . . . Cytec Engineered Materials, Central Life Sciences, and McCormick." Petras answered, subject to objections, "None."

Expert Tool asked Petras to "Identify each person who has submitted bids on behalf of APS to former and/or current customers of plaintiff." Subject to his objections, Petras answered, "Defendant does not and cannot possibly know all of Plaintiff's current or former customers. As for Plaintiff's customers that Defendant is aware of, bids have been submitted by Sean Petras, Les Strickland, Nick Mikitoff, Rob Lane and Tim Bushee."

Expert Tool did not specifically ask about the price estimator; however, it asked Petras and Strickland to "Describe all of the trade secrets you have used to perform work since you ceased doing business with Plaintiff. (This does not include any trade secret of a person/entity not a party to this lawsuit.)." They answered, subject to objections, "None."

Thus, the record shows Petras and Strickland answered Expert Tool's discovery requests, but Expert Tool was dissatisfied with their answers. Regardless, as discussed above, Expert Tool filed a substantively defective affidavit and motion for continuance; therefore, it was not entitled to more time to obtain discovery. Moreover, as directed to the party defendants, its motion to compel was likewise overly broad in its requests and failed to alert the trial court of its need for the requested discovery. And, as directed to the non-party witnesses, Expert Tool failed to comply with the subpoena notice provision required by Texas Rule of Civil Procedure 205.2 *See* TEX. R. CIV. P. 205.2. Thus, unlike *Nelson*, the trial court here did not foreclose any and all possibility of Expert Tool exercising its right to obtain discovery before summary judgment was rendered against it. Rather, both sides participated in the discovery process. As such, we do not find *Nelson* supportive of Expert Tool's argument that it was denied adequate time for discovery.

Finally, Expert Tool relies on statements the trial judge made during the summary judgment hearing, such as acknowledging the case had been set for a "pretty short period" and that he sometimes gets "a little trigger-happy on these cases," to support its argument that it did not have adequate time for discovery. However, despite these statements, the trial court

ultimately granted the no-evidence summary judgment, which meant by the conclusion of the hearing, the court believed adequate time for discovery had passed and granting a no-evidence summary judgment was appropriate.

Many factors may affect a party's adequate time for discovery. *See, e.g., Carter v. MacFadyen*, 93 S.W.3d 307, 311 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (noting "local dockets, scheduling practices, disruptive weather, the assumptions of the bar, and a myriad of other factors may affect an 'adequate time for discovery'"). Thus, we must defer to the trial court's discretion, absent abuse. Although reasonable minds could disagree, we cannot substitute our judgment for that of the trial court. *Id.* (citing *City of Pharr v. Tippitt*, 616 S.W.2d 173, 176 (Tex. 1981) (explaining that when reasonable minds differ, no abuse of discretion is shown)). Accordingly, based on the record before us, we conclude the trial court did not abuse its discretion by denying Expert Tool's request for more time to conduct discovery. We overrule Expert Tool's first issue.

**Merits of No-Evidence Summary Judgment**

In its three remaining issues, Expert Tool argues more than a scintilla of evidence existed to raise a genuine issue of material fact as to whether the price estimator was a trade secret, whether Petras and Strickland tortiously interfered with prospective business relations, and whether they engaged in a civil conspiracy. However, Expert Tool's main responsive argument to the no-evidence summary judgment motion was its prematurity. It argued, "Without the material requested in discovery, Plaintiff is plainly unable to make any meaningful response to Defendants' no-evidence arguments." Moreover, during oral argument, Expert Tool conceded that if this Court found against it on the first issue, then we need not address the merits of the summary judgment. Accordingly, having ruled against Expert Tool on its first issue, we overrule its remaining three issues.

**Conclusion**

The judgment of the trial court is affirmed.

140605F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EXPERT TOOL & MACHINE, INC.,
Appellants

No. 05-14-00605-CV      V.

SEAN PETRAS AND LES STRICKLAND,
Appellees

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-006986.
Opinion delivered by Justice Bridges.
Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee SEAN PETRAS AND LES STRICKLAND recover their costs of this appeal from appellant EXPERT TOOL & MACHINE, INC.

Judgment entered August 28, 2015.