ACCEPTED
03-14-00650-CV
5053932
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/27/2015 5:57:45 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00650-CV

_____

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/27/2015 5:57:45 PM
JEFFREY D. KYLE
Clerk

_____

Wesley Spears and Renee Jacobs,
*Appellants*

v.

Falcon Pointe Community Homeowners' Association,
*Appellee*

_____

Appeal from County Court at Law No. 1
of Travis County, Texas, Cause No. C-1-CV-13-010214

_____

**Appellee's Brief**

_____

David E. Chamberlain
*dchamberlain@chmc-law.com*
State Bar No. 04059800
David J. Campbell
*dcampbell@chmc-law.com*
State Bar No. 24057033
CHAMBERLAIN ♦ MCHANEY
301 Congress, 21st Floor
Austin, Texas
(512) 474-9124
(512) 474-8582 (fax)

***Attorneys for Appellee***

# IDENTITY OF PARTIES AND COUNSEL

In addition to the counsel listed in Appellants' Brief, David Campbell is appellate counsel for Appellee, Falcon Pointe Community Homeowners' Association ("Falcon Pointe" or "the Association"), and was trial counsel for Falcon Pointe as well.

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ....................................................................iii

TABLE OF CONTENTS ........................................................................................... iv

INDEX OF AUTHORITIES ....................................................................................... vi

STATEMENT OF THE CASE ....................................................................................viii

STATEMENT REGARDING ORAL ARGUMENT ...........................................................ix

ISSUES PRESENTED ............................................................................................... x

STATEMENT OF FACTS.......................................................................................... 2

    A.    Appellants violated the Association's rules by extending the height of their fence without the required approval. ....................................................................... 2

    B.    The trial court rendered judgment stating Appellants had violated the Association's rules by extending the height of their fence................................................................ 4

    C.    Appellants' motion to recuse the judge who rendered the final judgment was denied........................................................ 5

    D.    Falcon Pointe disputes the various misrepresentations contained in Appellants' statement of facts. ..................................... 6

SUMMARY OF THE ARGUMENT ............................................................................. 8

ARGUMENT............................................................................................................ 9

    I.    Appellants have waived their issues on appeal through inadequate briefing. ........................................................................ 10

    II.    The Trial Court did not err by granting Falcon Pointe's First Amended Motion for Summary Judgment................................................. 11

    III.    The Trial Court did not abuse its discretion by denying Appellants' untimely Motion for Continuance. ......................................... 15

IV.    Appellants have failed to present any argument regarding
DTPA claims. ..................................................................................... 19

V.    Appellants fail to present any argument that requires the
Court to address their fourth issue regarding recusal. ................................ 20

CERTIFICATE OF COMPLIANCE ...................................................................... 25

CERTIFICATE OF SERVICE .................................................................................. 25

APPENDIX ................................................................................................................. 26

1.    Final Judgment (CR 1028) .................................................................... 26

2.    Order Granting Falcon Pointe's Objections to Plaintiffs'
Brief in Opposition to Defendant's First Amended
Traditional and No-Evidence Motion for Summary
Judgment (CR 1029) ................................................................................ 26

3.    Falcon Pointe's First Amended Motion for Summary
Judgment (CR 524–35) ............................................................................ 26

4.    Plaintiff's Fourth Amended Petition (CR 511–23) ................................ 26

# INDEX OF AUTHORITIES

Page

**Cases**

*BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789 (Tex. 2002) ........................ 16

*Carmody v. State Farm Lloyds*, 184 S.W.3d 419 (Tex. App.—Dallas 2006, no pet.) ........................................................................................................... 21

*Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682 (Tex. 2002)..................... 14

*Chandler v. Chandler*, 991 S.W.2d 367 (Tex. App.—El Paso 1999, pet. denied) ....................................................................................................... 22, 24

*Corniello v. State Bank and Trust*, 344 S.W.3d 601 (Tex. App.—Dallas 2011, no pet.). ................................................................................................. 15

*Duerr v. Brown*, 262 S.W.3d 63 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ............................................................................................................ 15

*Garcia v. Martinez*, 988 S.W.2d 219 (Tex. 1999)................................................... 16

*Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150 (Tex. 2004).............................. 15

*Lerer v. Lerer*, No. 05-02-124-CV, 2002 WL 31656109 (Tex. App.—Dallas Nov. 26, 2002, pet. denied) ........................................................ 22, 23

*Ludlow v. DeBerry*, 959 S.W.2d 265 (Tex. App.—Houston [14th Dist.] 1997, no pet.).......................................................................................... 23

*Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357 (Tex. 1998) ...................... 20

*Nelson v. PNC Mortgage Corp.*, 139 S.W.3d 442 (2004)............................................ 18

*Rocha v. State*, 16 S.W.3d 1 (Tex. Crim. App. 2000) ............................................... 11

*Schanzle v. JPMC Specialty Mortgage LLC*, No. 03-09-00639-CV, 2011 WL 832170 (Tex. App.—Austin Mar. 11, 2011, no pet.)........................................... 10

*Sommers v. Concepcio*, 20 S.W.3d 27 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ......................................................................................... 22, 23

*Swilley v. Hughes*, 488 S.W.2d 64 (Tex. 1972)....................................................... 12

*Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643 (Tex. 2004) ............................................................................................. 12

**Rules**

TEX. R. APP. 47.1 ........................................................................................... 21

TEX. R. APP. P. 33.1 ....................................................................................... 15

TEX. R. APP. P. 38.1(i) ............................................................................... passim

TEX. R. APP. P. 39.2 ....................................................................................... vii

TEX. R. CIV. P. 18a ............................................................................ 21, 22, 23

# STATEMENT OF THE CASE

In order to provide the Court with a statement of the case that concisely and clearly states the nature of this case, Falcon Pointe provides the Court with the following:

| | |
|---|---|
| *Nature of the Case* | This is a declaratory judgment action filed by Appellants against Falcon Pointe. Although Plaintiff sought various declarations and added a Deceptive Trade Practices Act ("DTPA") claim during the course of the lawsuit, the lawsuit arose from Appellants' decision to extend the height of their fence in violation of the applicable covenants and deed restrictions and stubborn refusal to remedy the violation. (*See* CR 10–16, 511–535)[1] |
| *Trial Court* | County Court at Law Number One of Travis County. |
| *Course of Proceedings* | Appellants filed this lawsuit on November 5, 2013. (CR 10–16) Falcon Pointe filed a motion for summary judgment on May 6, 2014 seeking a final judgment on all of Appellants' claims. (CR 69–204) On July 1, 2014, the parties agreed to appear for a summary judgment hearing on September 15, 2014. (1 RR 30) |
| *Trial Court's Disposition* | On September 15, 2014, the trial court rendered final judgment based on Falcon Pointe's summary judgment motion. (CR 1028) After the judgment was signed, Appellants moved to recuse the presiding judge, which Judge Jon Wisser denied. (CR 1268) |

---

[1] Throughout Appellee's brief, references to the clerk's record are made as "CR [page]"; references to the reporter's record as "[volume] RR [page]"; and references to the supplemental reporter's record as "[volume] Supp. RR [page]."

# STATEMENT REGARDING ORAL ARGUMENT

Falcon Pointe does not believe oral argument is necessary in this case. The dispositive issues were authoritatively decided by the trial court and Appellants have failed to present any cognizable reason that the trial court erred in granting Falcon Pointe's motion for summary judgment. Appellants' brief also fails to explain why Appellants believe Judge Wisser abused his discretion by denying Appellants' motion to recuse. Accordingly, Appellants have waived the first, third, and fourth issues presented in their brief due to inadequate briefing, obviating the need for oral argument. *See* TEX. R. APP. P. 38.1(i). Appellants' remaining issue can easily be disposed of by the Court because Appellants' Motion for Continuance was not timely filed.

Additionally, although Appellants' rationale for requesting oral argument is not entirely clear, it appears Appellants attempt to justify their request for oral argument by stating their intention to introduce evidence that is (1) outside the appellate record and (2) irrelevant to the issues raised in this appeal. However, presenting matters outside the record is not permitted in oral argument. TEX. R. APP. P. 39.2 ("A party should not refer to or comment on matters not involved in or pertaining to what is in the record.")

# ISSUES PRESENTED

1.  Have Appellants waived their first, third, and fourth appellate issues through inadequate briefing?

2.  Did the trial court err by granting Falcon Pointe's First Amended Motion for Summary Judgment?[2]

3.  Did the trial court err by denying Appellants' Motion for Continuance, which was filed on the night before the summary judgment hearing?

4.  Were Appellants entitled to present additional oral argument on their DTPA claims at the summary judgment hearing?

5.  Did Judge Jon Wisser clearly abuse his discretion by denying Appellants' Second Verified Motion to Recuse Judge?

---

[2] As the trial court did not err in granting Falcon Pointe's motion for summary judgment, it naturally follows that the trial court did not err in denying Appellants' partial motion for summary judgment.

No. 03-14-00650-CV

_____

# IN THE THIRD COURT OF APPEALS
# AUSTIN, TEXAS

_____

Wesley Spears and Renee Jacobs,
*Appellants*

v.

Falcon Pointe Community Homeowners' Association,
*Appellee*

_____

Appeal from County Court at Law No. 1
of Travis County, Texas, Cause No. C-1-CV-13-010214

_____

**Appellee's Brief**

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

This is a relatively straightforward case that Appellants have consistently attempted to unnecessarily complicate. Appellants incurred a $25 fine when they constructed a lattice on their fence in violation of Falcon Pointe's rules. Instead of remedying this violation or appearing at a hearing to discuss options for remedying the violation, Appellants filed this lawsuit. Although Appellants requested numerous declarations of the trial court, the only declaration that alleged a justiciable controversy requested that the trial court declare whether Appellants'

privacy screen violated the Association's rules. Because the summary judgment evidence conclusively established Appellants' privacy screen *did* violate the Association's rules, the trial court properly rendered summary judgment on that declaration. The trial court further ruled that Appellants' remaining allegations (including their DTPA claim) lacked merit.

Instead of addressing these issues head-on, Appellants' briefing to this Court dodges the issues and fails to present any legitimate argument that the trial court's judgment should be overturned on appeal.

## STATEMENT OF FACTS

Appellants' statement of facts is argumentative, unsupported by record references,[3] and contains numerous misrepresentations. Despite its length, Appellants' statement of facts does not present the Court with the facts relevant to the issues raised in this appeal.

### A. Appellants violated the Association's rules by extending the height of their fence without the required approval.

This case arises from a relatively simple dispute: Appellants violated the rules applicable to all homes in the Falcon Pointe neighborhood by extending the height

---

[3] The majority of Appellants' statements are completely unsupported by any reference to the record. When Appellants use citations, the citations often refer to Appellants' appendix, which is comprised of many documents that are either outside the appellate record or are not pertinent to the issues raised in this appeal.

of their fence above the height permitted by the neighborhood's rules, and Appellants did so without obtaining approval, in writing, before commencing this construction.[4]  In September 2013, Appellants were informed that they needed written approval for their construction.[5]  Appellant Wesley Spears replied "I am not going to ask for approval for something I already discussed" and added the privacy screen to his fence without the required approval.[6]

In October 2013, Appellants were notified that their privacy screen had been constructed in violation of the neighborhood's rules.[7]  In response, Mr. Spears sent the Association a letter in which he requested a hearing regarding the violation, accused the Association of racial discrimination, and threatened to file a lawsuit against the Association.[8]  The hearing was scheduled to occur on November 11, 2013, but before the hearing could occur, Appellants filed this lawsuit.[9]

---

[4]  CR 524—34.

[5]  CR 562.

[6]  CR 590.

[7]  CR 544.

[8]  CR 528.

[9]  CR 529.

## B. The trial court rendered judgment stating Appellants had violated the Association's rules by extending the height of their fence.

The following timeline provides the procedural history of this case that is relevant to the issues presented in this appeal:

Nov. 5, 2013      **Appellants** filed their **Original Petition.**

May 6, 2014      **Falcon Pointe** filed its **Motion for Summary Judgment** asserting that Appellants' declaratory judgment claims lacked merit for various reasons but primarily because Appellants claims did not present the trial court with actual controversy and improperly sought an advisory opinion from the trial court.[10]

June 30, 2014      **Appellants** filed their **Motion for Partial Summary Judgment.**[11]

July 1, 2014      The parties agreed to a September 15, 2014 hearing date for the summary judgment motions.[12]

July 9, 2014      **Appellants** filed their **Fourth Amended Petition** for Damages.[13]

Aug. 25, 2014      **Falcon Pointe** filed its **First Amended Motion for Summary Judgment** to respond to the declaratory judgment claims and DTPA claims asserted in Appellants' Fourth Amended

---

[10] CR 69–204.

[11] CR 407–459.

[12] 1 RR 30–31.

[13] CR 511–523.

4

Petition.[14]

Sept. 14, 2014      On the evening before the summary-judgment hearing, **Appellants** filed their **Motion for Continuance**.[15] Appellants did not serve their Motion for Continuance until minutes before the summary judgment hearing.[16]

Sept. 15, 2014      The trial court granted Falcon Pointe's objections to all of the evidence attached to Appellants' summary-judgment response.[17] *Appellants have not challenged this order on appeal.* The trial court further granted Falcon Pointe's summary judgment motion and denied Appellants' partial summary judgment motion.[18]

## C. Appellants' motion to recuse the judge who rendered the final judgment was denied.

After the trial court rendered final judgment in favor of Falcon Pointe, Appellants filed a motion to recuse the judge who had rendered judgment.[19] Judge Wisser was assigned to preside over the recusal proceeding.[20] After Appellants filed various amended and supplemental motions to recuse,[21] Judge Wisser held a

---

[14] CR 524–776.

[15] CR 961.

[16] 2 Supp. RR 55:11–13.

[17] CR 1029–30.

[18] CR 1028, 1031.

[19] CR 973–74.

[20] CR 1089.

[21] CR 1032–36, 1065–70, 1077–78, 1122–25.

hearing on the most recent recusal motion — Appellants' Second Motion to Recuse Judge — and determined that the motion should be denied.[22]

## D. Falcon Pointe disputes the various misrepresentations contained in Appellants' statement of facts.

Falcon Pointe disputes all statements Appellants have asserted that are either unsupported by the record or flatly contradicted by the record. Specifically, Falcon Pointe contradicts the following misrepresentations:

- The trial court showed no bias against Appellants. Throughout this case Appellants have either insinuated or blatantly accused Falcon Pointe, Falcon Pointe's counsel, and the trial court of prejudice against Appellants because they are African-American.[23] These accusations are as groundless as they are offensive. Nothing in the record indicates any bias based on Appellants' ethnicity or on any other basis.

- Appellants' fence was not "four feet high along the side of the pool."[24] The summary-judgment evidence conclusively established that Appellants' fence was six feet high until Appellants extended the height of the fence by attaching a lattice to the fence.[25]

- Falcon Pointe did not send Appellants an email stating that they were not entitled to a hearing.[26]

- Falcon Pointe disputes Appellants' statement that "appellants built a completely free standing privacy screen, which was not attached to the

---

[22] CR 1268.

[23] Appellants' Brief, pp. 3, 25, 66–67; CR 299, 304, 548, 1092, 1094, 1096, 1098.

[24] Appellants' Brief, p. 5.

[25] CR 658.

[26] Appellants' Brief, p. 6.

existing fence in any way."[27]

- Appellants did not make "six formal requests for the Production of Documents in the subject case."[28] Appellants served one request for production of documents, requesting "all books and records of [Falcon Pointe]."[29]

- Falcon Pointe did not refuse to cooperate with discovery, "attempt to hide the ball," or cause any delays in the discovery process.[30]

- Appellant Wesley Spears's name was not "fraudulently left off the ballot."[31]

- None of the "four witnesses noticed for deposition by" Appellants were material or crucial witnesses.[32]

- Appellants did not request that their "three outstanding Motions to Compel Discovery be heard before" Falcon Pointe's summary judgment motion.[33] Appellants left "to the [trial] court's discretion as to the appropriated [sic] date for a Hearing [sic] on the . . . Motions."[34]

- The trial court did not prevent Appellants from presenting argument on their DTPA claims.[35]

- Appellants did not timely request a hearing on their motions to compel.[36]

---

[27] Appellants' Brief, p. 7.

[28] Appellants' Brief, p. 11.

[29] CR 423.

[30] Appellants' Brief, pp. 11–18.

[31] Appellants' Brief, pp. 17.

[32] Appellants' Brief, p. 19.

[33] Appellant's Brief, p. 20.

[34] 4 RR, Exh. 1.

[35] Appellants' Brief, p. 19.

[36] Appellants' Brief, p. 26.

- The trial court did not refuse to hear Appellants' motions to compel because the Court Operations Officer did not schedule a hearing on the motions.[37] Rather, Appellants never set a hearing on their motions to compel.

## SUMMARY OF THE ARGUMENT

In their first and third issues, Appellants contend the trial court erred in granting Falcon Pointe's hybrid summary judgment motion. However, Appellants fail to discuss the summary judgment arguments Falcon Pointe raised in its motion. Falcon Pointe initially argued that Appellants' construction of a privacy screen violated the Association's rules and further argued that the remainder of Appellants' declarations improperly sought advisory opinions that would not have settled any actual controversy between the parties. Falcon Pointe also challenged Appellants' DTPA claim, and the trial court sustained Falcon Pointe's objections to all of the evidence attached to Appellants' response brief. As this evidentiary ruling is not challenged on appeal, it is necessarily undisputed that no evidence supports Appellants' DTPA claims. Accordingly, Appellants have not adequately briefed their first and third issues and provide the Court with no argument that would justify reversing the trial court's judgment.

Appellants further contend the trial court abused its discretion by denying their Motion for Continuance. But Appellants fail to acknowledge that their

---

[37] Appellants' Brief, p. 26.

Motion for Continuance was not timely filed and failed to demonstrate that the discovery they sought was material and that they had exercised due diligence to obtain the discovery. Although the summary judgment hearing had been set for more than two months, Appellants waited until the night before the hearing to file their Motion for Continuance. Accordingly, the trial court did not abuse its discretion in denying the Motion for Continuance.

Finally, Appellants contend that Judge Wisser abused his discretion by denying Appellants' motion to recuse the trial judge who granted Falcon Pointe's summary judgment motion. Like Appellants' first issue and third issues, this issue is inadequately briefed. Additionally, the Court's determination of Appellants' first three issues renders this issue moot because the motion to recuse was not filed until after the trial court rendered judgment in this case.

## ARGUMENT

Appellants raise four issues on appeal, arguing that (1) the trial erred in granting Falcon Pointe's motion for summary judgment and denying Appellants' partial motion for summary judgment; (2) the trial court abused its discretion in denying Appellants' motion for a continuance of the summary judgment hearing; (3) the trial court erred in granting Falcon Pointe's no-evidence summary judgment on Appellants' DTPA claims "without allowing any oral argument on the matter

and without any basis in law to dismiss the claims";[38] and (4) the trial court abused its discretion in denying Appellants' motion to recuse the trial judge who granted Falcon Pointe's motion for summary judgment. The Court should overrule the first, third, and fourth issues because Appellants have waived these issues through inadequate briefing. Moreover, these issues should all be overruled because none of Appellants' arguments have merit.

## I. Appellants have waived their issues on appeal through inadequate briefing.

Appellants have waived their first, third, and fourth appellate issues because they have failed to present a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i); *Schanzle v. JPMC Specialty Mortgage LLC*, No. 03-09-00639-CV, 2011 WL 832170, at *3 (Tex. App.—Austin Mar. 11, 2011, no pet.) (not designated for publication).

An appellant waives its appellate issues for inadequate briefing when the appellant fails to prepare a brief that contains "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *Schanzle*, 2011 WL 832170 at *3. An argument that fails to cite the record or supporting authorities "presents nothing for review." *Rocha v. State*,

---

[38] Appellants' Brief, p. x.

16 S.W.3d 1, 20 (Tex. Crim. App. 2000).

As described more fully in the following sections, Appellants have waived the first, third, and fourth issues they raise on appeal by failing to adequately brief these issues.

## II. The Trial Court did not err by granting Falcon Pointe's First Amended Motion for Summary Judgment.

In their first issue, Appellants contend the trial court erred by granting Falcon Pointe's motion for summary judgment. However, because Appellants do not provide the Court with any argument that addresses the trial court's summary judgment,[39] this argument is waived as inadequately briefed. TEX. R. APP. P. 38.1(i). Moreover, the trial court did not err in rendering summary judgment because (1) the evidence conclusively established that Appellants violated the Association's rules by building their privacy screen, (2) Appellants' remaining declaratory judgment claims improperly sought advisory opinions, and (3) no evidence supported Appellants' DTPA claim.

The purpose of summary judgment is to eliminate patently unmeritorious

---

[39] Rather than addressing Falcon Pointe's summary judgment arguments, Appellants have apparently copied — almost verbatim — arguments from various motions they filed in the trial court. *Compare* Appellants' Brief, pp. 41–57 *with* CR 412–425 (Plaintiffs' Motion for Partial Summary Judgment); CR 777–86 (Plaintiffs' Motion to Compel Production of Documents); CR 888–901 (Plaintiffs' Brief in Opposition to First Amended Motion for Summary Judgment).

claims. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex. 1972). When, as here, both parties moved for summary judgment on overlapping grounds and the trial court grants one motion and denies the other, the appellate court reviews the summary-judgment evidence presented, determines all questions presented, and renders the judgment that the district court should have rendered. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

In the trial court, Falcon Pointe presented three summary judgment arguments: (1) Appellants' construction of their "privacy screen" violated the Association's rules; (2) Appellants' remaining declaratory judgment claims improperly sought advisory opinions that would not settle any actual controversy between the parties; and (3) no evidence supported Appellants' declaratory judgment claims.[40] Falcon Pointe also objected to the summary judgment evidence Appellants attached to their response brief,[41] which the trial court sustained — a ruling that is unchallenged on appeal.[42]

Appellants' briefing fails to explain why the trial court erred by declaring that the "privacy screen" violated the neighborhood's rules.[43] The summary judgment

---

[40] CR 531–33.

[41] CR 1029–30.

[42] *Id.*

[43] *Compare* Appellants' Brief, pp. 33–57 *with* CR 531–33.

12

evidence conclusively demonstrates that the privacy screen violated the Association's rules in two respects: (1) Appellants refused to obtain the required approval, and (2) the privacy screen extended the height of Appellants' fence beyond the maximum height allowed by the rules.[44]

Appellants' briefing fails to explain why the trial court erred by granting summary judgment based on Falcon Pointe's argument that Appellants' remaining declaratory judgment claims failed to present a justiciable controversy.[45] Plaintiff's Fourth Amended Petition sought numerous declarations that would have amounted to improper advisory opinions instead of resolving the controversy between the parties.[46] For example, Appellants wanted the trial court to declare that "the Association may not deny members access to the records of the Association and the Association must keep the records in a manner which makes them reasonable [sic] available to the members."[47] Falcon Pointe had already pointed out this fatal defect in Appellants' pleadings in its original summary judgment motion; nevertheless, Appellants' stubbornly persisted in seeking declarations that improperly sought advisory opinions and failed to present the trial

---

[44]  CR 531, 562–63, 589–90, 658–59, 674, 704.

[45]  *Compare* Appellants' Brief, pp. 33–57 *with* CR 531–33.

[46]  *See* CR 518–20.

[47]  CR 519.

court with a justiciable controversy.[48]

Finally, Appellants' briefing fails to explain why the trial court erred by granting summary judgment based on Falcon Pointe's third summary judgment argument that no evidence supported the essential elements of Appellants' DTPA claim. [49] Moreover, the record indisputably shows that no evidence supported Appellants' DTPA claims because the trial court sustained Falcon Pointe's objections to the summary judgment evidence Appellants attached to their responsive brief and that order has not been challenged on appeal.[50]

In sum, Appellants have waived their first issue through inadequate briefing. TEX. R. APP. P. 38.1(i). Moreover, Appellants' first issue must also be overruled because the record reflects that the trial court properly rendered summary judgment in this case.

---

[48] CR 74–75. In a single sentence, Appellants assert the trial court should have allowed Appellants to "amend their pleadings to cure any alleged defects in the pleadings." Appellants' Brief, pp. 34–35. However, the record demonstrates that Appellants had ample opportunities to amend their pleadings in the months leading up to the summary judgment hearing. Although the trial court refused to consider Appellants' untimely fifth amended petition, a trial court does not abuse its discretion in refusing to consider a pleading filed after the deadline when the party fails to file a motion for leave explaining the failure to timely file the pleading. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002). It is undisputed that Appellants filed their fifth amended petition less than seven days before the summary judgment hearing and that Appellants filed no motion for leave.

[49] *Compare* Appellants' Brief, pp. 33–57 *with* CR 533.

[50] CR 1029–30.

14

## III. The Trial Court did not abuse its discretion by denying Appellants' untimely Motion for Continuance.

In their second issue, Appellants contend that the trial court abused its discretion by denying Appellants' Motion for Continuance.[51] However, the trial court did not abuse its discretion because Appellants' motion was untimely and the continuance motion did not explain why the discovery sought was material or prove that Appellants had exercised due diligence.[52]

In determining whether a trial court abused its discretion in denying a motion for continuance, courts may consider the length of time the case has been on file; the materiality and purpose of the discovery sought; and whether the party seeking the continuance has exercised due diligence. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 161 (Tex. 2004); *Duerr v. Brown*, 262 S.W.3d 63, 78 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A trial court's denial of a motion for continuance will not be overturned on appeal absent an abuse of discretion. *BMC*

---

[51] Although Appellants assert the trial court refused to rule on Appellants' motions to compel and Motion for Continuance, the trial court implicitly overruled Appellants' Motion for Continuance by going forward with the summary judgment hearing. *See Corniello v. State Bank and Trust*, 344 S.W.3d 601, 608 (Tex. App.—Dallas 2011, no pet.). Appellants have not preserved any argument regarding the three motions to compel either in this appeal or in the trial court. Appellants' appellate briefing presents no argument regarding the three motions to compel and fails to provide any citations to the record showing that the trial court ever ruled on the motions to compel. *See* Tex. R. App. P. 33.1, 38.1(i). In fact, the record affirmatively demonstrates that Appellants did not set the motions for hearing prior to the summary judgment hearing. 4 Supp. RR, Exh. 1 (email dated September 9, 2014 from Appellants' counsel stating: "I will leave it to the court's discretion as to the appropriated [sic] date for a Hearing on [Appellants' motions to compel]").

[52] CR 961–68.

15

*Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court does not abuse its discretion unless it makes a decision without reference to any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999).

Appellants contend the trial court abused its discretion by denying Appellants' Motion for Continuance, asserting that the motion was (1) timely filed and (2) "states a number of irrefutable reasons why the Motion [sic] should have been heard and granted."[53] Both of Appellants contentions are incorrect.

First, Appellants' motion was not timely filed. The applicable local rules provide that motions for continuance "will be heard not later than Thursday of the week preceding the trial" and "will not be heard thereafter unless they allege grounds, which arose only after that time." Travis (Tex.) Cnty. Ct. at Law Loc. R. 2.7. Appellants' motion was not filed until the night before the summary judgment hearing and was not served until the morning of the hearing.[54] And the motion contains no explanation that would justify its last-minute filing.

Second, the trial court did not abuse its discretion because Appellants' continuance motion did not demonstrate that the discovery sought was material to the summary-judgment issues. The affidavit attached to Appellants' motion

---

[53] Appellants' Brief, p. 61.

[54] CR 961–68; 2 Supp. RR 55:11–13.

16

includes the following conclusory (and somewhat incomprehensible) statement: "It was the Hearing [sic] that defendant basis [sic] its Motion for Summary Judgment[;] therefore, Mr. Meyers' [sic] testimony is critical and relevant."[55] Appellants did not explain in their motion or affidavit — and have not explained in their appellate briefing — how the discovery they sought was material to the summary judgment issues. In fact, Appellants' counsel had previously conceded on July 1, 2014 that no additional discovery was necessary:

> [W]hen [Falcon Pointe's counsel] first came here and filed their motion for summary judgment, they felt there wasn't any discovery that was necessary before the summary judgment motions were heard. I now agree with them.[56]

Prior to filing their last-minute continuance motion, Appellants did not indicate that any depositions would be necessary prior to the summary judgment hearing.[57]

Finally, the trial court did not abuse its discretion because Appellants' continuance motion did not demonstrate that Appellants had exercised due diligence in obtaining the discovery they sought. The lawsuit was filed on November 5, 2013, and the discovery deadline was September 30, 2014.[58] Moreover, although the summary judgment hearing had been on everyone's

---

[55] CR 965.

[56] 1 RR 24:4–8.

[57] *See id.*

[58] *See* CR 961, 963.

17

calendar since July 1, 2014, Appellants waited until the night before the hearing to file their Motion for Continuance.[59]

Although Appellants rely on *Nelson v. PNC Mortgage Corp.*, 139 S.W.3d 442 (2004), in their appellate briefing, *Nelson* merely underscores Appellants' lack of diligence in this case.

Nelson (a prison inmate) filed three motions for continuance before the summary judgment hearing. *Id.* at 444–45. Nelson filed his first continuance motion two weeks before the hearing. *Id.* at 444. Then, three days before the hearing, Nelson filed a second motion for continuance. *Id.* at 445. Finally, on the day of the hearing, Nelson filed a third motion for continuance. *Id.*

Unlike Nelson, Appellants did not file their Motion for Continuance weeks before the scheduled hearing — they waited until literally the eve of the hearing. Neither in the trial court nor on appeal have Appellants explained their tardiness in filing this continuance motion.

Appellants' continuance motion was not timely filed and Appellants failed to prove that they had exercised due diligence and were unable to obtain discovery that was material to the summary-judgment issues raised in Falcon Pointe's summary judgment motion. Thus, the trial court did not abuse its discretion in denying Appellants' continuance motion.

---

[59] CR 961.

## IV. Appellants have failed to present any argument regarding DTPA claims.

In their third issue, Appellants contend the trial court erred by "dismissing appellants' DTPA claims and without hearing any argument regarding appellants' claims."[60] However, Appellants do not provide any citation to the record or authorities in support of this argument.[61]

To the extent Appellants simply reiterate their argument that the trial court erred in rendering summary judgment because no evidence supported Appellants' DTPA claim, Falcon Pointe has already addressed this argument above.[62] Pursuant to Rule 166a(i), Falcon Pointe argued that no evidence supported Appellants' DTPA claims.[63] Although Appellants attached evidence to their responsive brief, the trial court sustained Falcon Pointe's objections to all of that evidence.[64] Appellants have not challenged that ruling on appeal. Accordingly, no evidence supports Appellants' DTPA claims.

Additionally, to the extent Appellants contend the trial court was required to afford them additional time for oral argument on their DTPA claim, the trial court was not required to hear oral argument regarding any of the summary judgment

---

[60] Appellants' Brief, p. 72.

[61] *Id.*, pp. 65–72

[62] *See supra*, § II, p. 14.

[63] CR 533.

[64] CR 1029–30.

19

claims. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (holding that a trial court is not required to afford the parties oral argument on summary judgment motions).

Appellants have waived their third issue through inadequate briefing. TEX. R. APP. P. 38.1(i). Appellants' third issue must also be overruled because the record reflects that the trial court properly rendered summary judgment on Plaintiff's DTPA claim and was not required to afford Appellants additional time for summary judgment argument on this claim.

## V. Appellants fail to present any argument that requires the Court to address their fourth issue regarding recusal.

In their fourth issue, Appellants contend Judge Wisser abused his discretion in denying Appellants' recusal motion because the "comments that Judge Phillips' [sic] directed at appellants [sic] counsel and/or appellants identified earlier in this case taken together with unfair and legally unsupportable rulings of the court, leave appellants, with the good faith belief that Judge Phillips was biased against them."[65] Appellants do not explain which rulings were "unfair and legally unsupportable"; nor do Appellants explain why the cited comments — which appear utterly innocuous — provide a basis for recusal. Accordingly, this argument is waived as inadequately briefed. TEX. R. APP. P. 38.1(i).

---

[65] Appellants' Brief, p. 76.

Moreover, the Court's determination of Appellants' first three issues renders Appellants' fourth issue moot. If the Court determines the trial court did not err in rendering summary judgment and denying Appellants' Motion for Continuance, the motion to recuse loses any practical significance. Consequently, the Court need not address Appellants' fourth issue. *See* Tex. R. App. 47.1 (requiring appellate courts to hand down written opinions that are as brief as practicable while addressing every issue necessary to final disposition).

Additionally, given the issues Appellants raise in this appeal, the motion to recuse was untimely. On appeal, Appellants challenge the trial court's summary judgment rulings and denial of their motion for continuance, but Appellants did not move to recuse the judge until after the hearing on these matters had occurred. Rule 18a requires that a motion to recuse must be filed at least ten days before the date set for trial or other hearing. Tex. R. Civ. P. 18a(a); *Carmody v. State Farm Lloyds*, 184 S.W.3d 419, 422 (Tex. App.—Dallas 2006, no pet.) (holding the recusal motion was untimely with respect to the summary judgment hearing when the alleged grounds for recusal were known prior to the commencement of the hearing). Here, as in *Carmody*, "the alleged grounds for recusal were known to" Appellants more than two months before the summary judgment hearing. *Carmody*, 184 S.W.3d at 422. But Appellants waited until after the trial court

21

rendered judgment to file their motion to recuse.[66]

Finally, if the Court reaches the merits of Appellants' recusal issue, a review of the cited comments and rulings of the Court demonstrates that Judge Wisser did not abuse his discretion in determining that recusal was not warranted in this case.

An order denying a motion to recuse is reviewed on appeal for an abuse of discretion. TEX. R. CIV. P. 18a(f). A motion to recuse must "not be based solely on the judge's rulings in the case" but must state "with detail and particularity facts that . . . would be sufficient to justify recusal or disqualification." TEX. R. CIV. P. 18a (a)(3), (4).

When a party attempts to recuse a judge based on alleged bias or partiality, the party seeking recusal must prove that the alleged bias "arose from an extrajudicial source and not from actions during the pendency of the trial court proceedings, unless these actions during the proceedings indicate a high degree of favoritism or antagonism that renders fair judgment impossible." *Sommers v. Concepcio*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *see Lerer v. Lerer*, No. 05-02-124-CV, 2002 WL 31656109, *9 (Tex. App.—Dallas Nov. 26, 2002, pet. denied) (holding that movants failed to establish that denial of their motion to recuse was an abuse of discretion); *Chandler v. Chandler*, 991 S.W.2d 367, 386 (Tex. App.—El Paso 1999, pet. denied) (same). Judicial remarks that are

---

[66] CR 1029.

22

critical, disapproving, or hostile do not support recusal unless they reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Chandler*, 991 S.W.2d at 386; *see Ludlow v. DeBerry*, 959 S.W.2d 265, 271 (Tex. App.—Houston [14th Dist.] 1997, no pet.) ("Although we do not condone Judge Chambers' [sic] outbursts, all of the actions complained about by Ludlow arose during the pendency of the trial court proceedings."). A "mere assumption" that the judge is prejudiced is insufficient to establish bias or partiality. *Sommers*, 20 S.W.3d at 42. Moreover, a mere statement by a judge that he dislikes the type of dispute and believes such disputes should be settled is insufficient to show bias or partiality that would justify recusal. *Lerer*, 2002 WL 31656109, at *6.

Although Appellants contend recusal was required because the trial court's rulings were "unfair and legally unsupportable," Appellants provide no argument or citation to the record or to any authorities explaining which rulings provide a basis for recusal. TEX. R. APP. P. 38.1(i). Moreover, it would have been improper for Judge Wisser to grant the motion to recuse based solely on the trial court's rulings in a case. TEX. R. CIV. P. 18a (a)(3).

Appellants next contend Judge Wisser abused his discretion based on comments the trial court made at a hearing on July 1, 2014.[67] This argument is similarly waived for inadequate briefing because Appellants fail to explain why

---

[67] Appellants' Brief, p. 84 n.97.

these comments reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. TEX. R. APP. P. 38.1(i); *Chandler*, 991 S.W.2d at 386. A review of the comments reveals neither favoritism nor antagonism, and it is telling that these comments were made almost three months before Appellants filed their motion to recuse.

Accordingly, Appellants have waived their fourth issue through inadequate briefing. TEX. R. APP. P. 38.1(i). Moreover, Appellants' fourth issue must also be overruled because the record does not reflect that Judge Wisser abused his discretion in determining that Appellants' recusal motion should be denied.

## CONCLUSION & PRAYER

Accordingly, for all of the foregoing reasons, Falcon Pointe respectfully requests that this Court affirm the trial court's judgment.

Respectfully submitted,

By: /s/ David J. Campbell
DAVID E. CHAMBERLAIN
State Bar No. 04059800
*dchamberlain@chmc-law.com*

DAVID CAMPBELL
State Bar No. 24057033
*dcampbell@chmc-law.com*

**Attorneys for Appellee**

24

# CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that based on the word count of the computer program used to prepare the foregoing document, the relevant sections of this document contain 5,024 words.

/s/ David J. Campbell
David J. Campbell

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been served via electronic service on the following counsel for Appellants on this 24th day of April, 2015:

Wesley Spears
ATTORNEY AT LAW
401 Congress Avenue
Suite 1501
Austin, Texas 78701

**Attorney for Plaintiffs/Appellants**

/s/ David J. Campbell
David J. Campbell

# APPENDIX

1. Final Judgment (CR 1028)

2. Order Granting Falcon Pointe's Objections to Plaintiffs' Brief in Opposition to Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment (CR 1029)

3. Falcon Pointe's First Amended Motion for Summary Judgment (CR 524–35)

4. Plaintiff's Fourth Amended Petition (CR 511–23)

No. 03-14-00650-CV

---

# IN THE THIRD COURT OF APPEALS
# AUSTIN, TEXAS

---

Wesley Spears and Renee Jacobs,
                              *Appellants*

v.

Falcon Pointe Community Homeowners' Association,
                              *Appellee*

---

Appeal from County Court at Law No. 1
of Travis County, Texas, Cause No. C-1-CV-13-010214

---

**Appellee's Brief**

---

# APPENDIX 1

CAUSE NO. C-1-CV-13-010214

| WESLEY SPEARS AND RENEE | § | IN THE COUNTY COURT |
| JACOBS | § | |
| | § | |
| V. | § | AT LAW NO. 1 |
| | § | |
| FALCON POINTE COMMUNITY | § | |
| ASSOCIATION | § | TRAVIS COUNTY, TEXAS |

## FINAL JUDGMENT

On this the 15th day of September, 2014, came to be heard Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment. Having considered the briefing, the evidence, and the arguments of counsel, the Court is of the opinion that the Motion should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the "Privacy Screen in question" was built in violation of the Rules of the Association.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all of Plaintiffs' remaining claims lack merit and are dismissed with prejudice.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs take nothing and pay Defendant $ 23,673.50 for the reasonable and necessary attorney fees incurred in this matter and that Plaintiffs pay Defendant's court costs incurred in this matter.

SIGNED on September 15, 2014.

PRESIDING JUDGE


000903924

No. 03-14-00650-CV

_____

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

_____

Wesley Spears and Renee Jacobs,
*Appellants*

v.

Falcon Pointe Community Homeowners' Association,
*Appellee*

_____

Appeal from County Court at Law No. 1
of Travis County, Texas, Cause No. C-1-CV-13-010214

_____

**Appellee's Brief**

_____

# APPENDIX 2

CAUSE NO. C-1-CV-13-010214

| | | |
|---|---|---|
| WESLEY SPEARS AND RENEE JACOBS | § § § | IN THE COUNTY COURT |
| V. | § § | AT LAW NO. 1 |
| FALCON POINTE COMMUNITY ASSOCIATION | § § | TRAVIS COUNTY, TEXAS |

2014 SEP 15 AM 9: 50
DANA DEBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS

## ORDER ON DEFENDANT'S OBJECTIONS TO THE SUMMARY JUDGMENT EVIDENCE ATTACHED TO PLAINTIFFS'

On this the 15th day of September, 2014, came to be heard Defendant's objections to the summary judgment evidence attached to Plaintiffs' Brief in Opposition to Defendant's First Amended Traditional and No-Evidence Motion for Summary Judgment ("Plaintiffs' Brief"). Having considered the objections, the summary judgment evidence, and the arguments of counsel, the Court rules on the objections as follows:

1. Defendant's objection that none of the evidence attached to Plaintiffs' Brief is authenticated is

   SUSTAINED: ___✓___          OVERRULED: _____

2. Defendant's objection regarding the lack of a proper jurat in the affidavit of Wesley Spears attached to Plaintiffs' brief is

   SUSTAINED: ___✓___          OVERRULED: _____

3. Defendant's objection that Paragraph 19 (first) does not affirmatively show that the affiant is competent to testify about the matters stated in the affidavit is

   SUSTAINED: ___✓___          OVERRULED: _____

000903925

4. Defendant's objection that Paragraphs 7, 17, 19 (first), and 19 (second) does not affirmatively show that the affiant is competent to testify about the matters stated in the affidavit is

SUSTAINED: ✓       OVERRULED: _____

5. Defendant's objection that Paragraphs 5, 7, 11, 12, 19 (second), and 20 contain inadmissible hearsay is

SUSTAINED: ✓       OVERRULED: _____

6. Defendant's objections that Paragraphs 4, 5, 6, 7, 16, 19 (second), and 20 violate the best evidence rule is

SUSTAINED: ✓       OVERRULED: _____

7. Defendant's objections that Paragraphs 2, 3, 7, and 11 are not readily controvertible as the statements contained therein are vague and ambiguous is

SUSTAINED: ✓       OVERRULED: _____

SIGNED on September 15, 2014.

_____
PRESIDING JUDGE

No. 03-14-00650-CV

---

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

---

Wesley Spears and Renee Jacobs,
*Appellants*

v.

Falcon Pointe Community Homeowners' Association,
*Appellee*

---

Appeal from County Court at Law No. 1
of Travis County, Texas, Cause No. C-1-CV-13-010214

---

**Appellee's Brief**

---

# APPENDIX 3

CAUSE NO. C-1-CV-13-010214

| | | |
|---|---|---|
| WESLEY SPEARS AND RENEE JACOBS | § § § | IN THE COUNTY COURT |
| V. | § § | AT LAW NO. 1 |
| FALCON POINTE COMMUNITY ASSOCIATION | § § § | TRAVIS COUNTY, TEXAS |

## DEFENDANT'S FIRST AMENDED TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

Defendant Falcon Pointe Community Association ("Falcon Pointe" or the "Association") files its First Amended Traditional and No-Evidence Motion for Summary Judgment pursuant to Texas Rules of Civil Procedure 166a(b) and 166a(i) and in support thereof would show the Court the following:

## SUMMARY OF ARGUMENT AND RELIEF REQUESTED

Plaintiffs think the rules do not apply to them. Two rules in particular: (1) Plaintiffs' fence (like their neighbors' fences) cannot be higher than six feet and (2) Plaintiffs are required to obtain approval, in writing, before commencing any construction on their property. Instead of complying with these simple, straightforward rules, Plaintiffs filed this lawsuit asserting numerous frivolous declaratory judgment claims and a meritless Deceptive Trade Practices Act ("DTPA") claim.

Plaintiffs' only legally cognizable declaratory judgment claim—regarding whether their fence addition violates the Association's Rules—fails because Plaintiffs constructed



000896737

the fence addition without obtaining the required approval and extended the height of their fence above the maximum allowed height.

Plaintiffs' remaining declaratory judgment claims must be dismissed because they fail to present this Court with any justiciable controversy. Instead, Plaintiffs improperly attempt to obtain advisory opinions from this Court that would not settle any actual controversy. The Declaratory Judgment Act does not grant this Court subject-matter jurisdiction over such claims; therefore, Plaintiffs' claims must be dismissed.

Finally, Plaintiffs assert a DTPA claim against Falcon Pointe that fails because Plaintiffs have no evidence to support the essential elements of this claim.

## STANDARD OF REVIEW

When a movant prevails on a hybrid motion for summary judgment, the nonmovant must "challenge, and prevail on, every traditional and no evidence ground raised in the motion for summary judgment to obtain reversal on appeal." *Servin v. Great Western Ins. Co.*, No. 04-07-00380-CV, 2008 WL 723321, at *1 (Tex. App.—San Antonio Mar. 19, 2008, no pet.); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 134 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

The purpose of a motion for summary judgment is to permit the trial court to properly dispose of cases that involve unmeritorious claims or untenable defenses. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1962). A traditional summary judgment is proper when the movant establishes that there are no genuine issues of material fact, thereby entitling movant to judgment as a matter of law. *Lear*

2

525

*Siegler, Inc. v. Perez*, 819 S.W.2d 470 (Tex. 1991). A defendant is entitled to summary judgment if it disproves an essential element of the plaintiff's cause of action as a matter of law. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d, 910, 911 (Tex. 1997); *Lear Siegler*, 819 S.W.2d at 471; *Anderson v. Snider*, 808, S.W. 2d, 54, 55 (Tex. 1991). The movant need not negate all conceivable theories on which the claimant might recover; rather, the movant is only required to negate the theories raised by the pleadings. *Smith Kline Bechamp Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995). Summary judgment may be based on facts a plaintiff has pleaded when those facts affirmatively negate the plaintiff's claims. *Saenz v. Family Sec. Ins. Co. of Am.*, 786 S.W.2d 110, 111 (Tex. App.—San Antonio 1990, no writ) (affirming a summary judgment based on the facts pleaded in plaintiff's petition which negated the plaintiff's claims).

A defendant is entitled to a no-evidence summary judgment when, after an adequate time for discovery, there is no evidence of an essential element of the plaintiff's cause of action. TEX. R. CIV. P. 166a(i); *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009). Once the defendant alleges there is no evidence of an essential element, the burden shifts to the plaintiff to produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged element. TEX. R. CIV. P. 166a(i); *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). Evidence that raises only a speculation or surmise is insufficient. *Forbes, Inc.*, 124 S.W.3d at 172. If the plaintiff cannot present more than a scintilla of evidence supporting all challenged elements of its claims, the defendant is entitled to summary judgment.

3

## EXHIBITS ATTACHED

Exhibit 1   Plaintiffs' Responses to Falcon Pointe's Request for Production

Exhibit 2   Documents produced by Plaintiffs in response to Falcon Pointe's Request for Production.

Exhibit 3   Additional documents produced by Plaintiffs in response to Falcon Pointe's Request for Production.

Exhibit 4   Affidavit signed by Natalie Boykin with attachments (i.e., photographs of Plaintiffs' fence and documents containing the Association's rules governing Plaintiffs' residence and property).

Exhibit 5   Plaintiffs' Response to Falcon Pointe's Request for Admissions.

Exhibit 6   Affidavit signed by David J. Campbell regarding attorneys' fees incurred on or before May 6, 2014.

Exhibit 7   Affidavit signed by David J. Campbell regarding attorneys' fees incurred after May 6, 2014.

Exhibit 8   Deposition Transcript of Plaintiff Renee Jacob's Deposition

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, Plaintiffs purchased their home from Lennar Homes. *Exhibit 8*, Jacobs Depo. at 9:6–9. Sometime in the summer of 2013, Plaintiffs added a lattice to the top of their fence. *Id.* at 12:21–25. On August 6, 2013, Defendant informed Plaintiff Wesley Spears ("Spears") that the lattice attached to the top of his fence needed to be removed because it exceeded the maximum height (i.e. six feet) allowed for fences. *Exhibit 2*, at P 18. Spears responded that he was aware that he had thirty days to request a hearing and intended to request a hearing. *Id.* at P 19. However, instead of requesting a hearing, Spears "timely removed the Lattice from the fence pursuant to the First

4

527

Violation Notice in August, 2013." *See* Plaintiffs' Fourth Amended Petition for Damages and Declaratory Relief ("Fourth Amended Petition"), ¶ 11.

Later that year, Spears again extended the height of his fence by constructing a privacy screen next to his fence. *Id.*, ¶ 13. Although Spears had been informed that he needed to obtain approval from the Architectural Committee before constructing the privacy screen, Spears constructed the privacy screen without seeking the required approval. *Exhibit 2* at P 21.

On October 22, 2013, Spears was notified that the privacy screen he had constructed violated the rules of the Association. *Id.* at P 33. On October 23, 2013, Spears responded with a letter, in which he stated that he had previously "asked in writing for a Hearing in from of the Board of Directors." *Id.* at P 34. However, the documents produced by Plaintiffs show that this letter contained Spears's first written request for a hearing. *See id.* at P 1–50; *see also Exhibit 1*, Plaintiffs' Response to Falcon Pointe's Request for Production, Request No. 16 (stating that Plaintiffs have produced all documents that are "relevant to the subject matter in this action or which may be reasonably calculated to lead to discovery of admissible evidence").

One week later, in a letter dated November 1, 2013, Spears stated he had received a letter from the Association's attorney regarding his hearing request. *Id.* at P 23. In that letter, Falcon Pointe's attorney acknowledged that Spears had first requested a hearing and then requested that the hearing be postponed. *Exhibit 3* at 021. Accordingly, at the request of Spears, the Association rescheduled the hearing for November 11, 2013 at 3:00 p.m. at the Falcon Pointe Residents Club. *Id.* The letter also informed Spears that any

5

5 28

request for access to the books and records of the Association "must be made pursuant to Section 209.005(e) of the Texas Property Code." *Id.*

Instead of submitting a request for access to records, Spears responded with a letter stating: "I will file suit next week seeking a Judicial determination of whether I am entitled to review the requested records prior to any hearing in this matter and to determine whether your client is and has previously violated the Texas Property Code." *Exhibit 2* at P 23.

On November 5, 2013, prior to the scheduled hearing date, Spears filed this declaratory judgment lawsuit complaining that a $25 fine was assessed for his failure to comply with Falcon Pointe's homeowners' association guidelines. *See Plaintiffs' Original Petition for Declaratory Relief,* ¶ 17.

On July 9, 2014, Plaintiffs filed their Fourth Amended Petition for Damages and Declaratory Relief, in which they seek a declaration that the privacy screen Plaintiffs constructed "is not in violation of the Rules of the Association and/or that the actions of the Board were Arbitrary and Capricious because it was not based on a violation of a rule of the Association." *Plaintiffs' Fourth Amended Petition,* ¶¶ 33. Plaintiffs also added the following declarations:

(1) All "Notices of Violation" issued by Falcon Pointe must provide the specific rule the homeowner violated and contain a cure date;

(2) Fines may not be imposed before affording homeowners with a hearing and a reasonable opportunity to present evidence;

(3) Falcon Pointe may not deny members access to records and must keep records in a manner which makes them reasonably available to homeowners;

6

(4) Falcon Pointe must disclose to all homeowners that "Rainer Ficken is the developer, Newland Communities, Property Manager at Falcon Pointe Community Association and also the President of the Homeowners' Association and that the two positions are in a conflict of interest with each other and that the Board is under the control of the Developer";

(5) Falcon Pointe's "control over the Homeowners' Association after ten years was in violation of Tex. Prop. Code Section 209.005 which calls for one third of the members of the Board to be elected by the Homeowners' [sic] after ten years if the Declaration does not set forth how many lots were going to be developed";

(6) "[F]ailure to cite a specific rule before finding plaintiffs in violation of the rules of the Association amounts arbitrary and capricious enforcement of the rules of the Association and/or a denial of equal protection of the Rules of the Association"; and

(7) "[T]he President of the Association may not act for the Board in matters requiring Board approval."

*Id.* at ¶¶ 26–32. Plaintiffs further allege that Falcon Pointe is liable under the Deceptive Trade Practices Act for "failing to disclose that the Homeowners' Association was under the control of the Developer's, Newland Communities, Property Manager, Ranier [sic] Ficken, who is also President of the Association, which is a clear conflict of interest." *Id.*, ¶ 35.

7

## ARGUMENT AND AUTHORITIES

### I. Plaintiffs' Construction of Additional Fencing as a "Privacy Screen" Violates the Rules.

Plaintiffs seek a declaratory judgment that the "privacy screen" they constructed to provide additional fencing is not in violation of the Rules of the Association. *Fourth Amended Petition*, ¶ 23. However, Plaintiffs' evidence conclusively establishes that Plaintiffs' construction of the "privacy screen" violates to of the Association's Rules because Plaintiffs refused to obtain the required approval for construction on their property and constructed a fence that violates the maximum fence height allowed on Plaintiffs' lot.

Plaintiffs' construction of additional fencing violates the Association's Rules, which require homeowners to obtain approval for any "improvements, modification, alterations, or additions". *Exhibit 4*, Architectural Modification Guidelines, p. 7. When the Association's Property Manager informed Mr. Spears that any construction needed to be approved by the appropriate committee, Mr. Spears refused to seek the required approval. *Exhibit 2* at P 22–23, P 49–50.

Plaintiffs' construction of additional fencing also violates the Association's Rules, which limit Plaintiffs' fence height to six feet. *See Exhibit 4*, Design Guidelines, p. 12. Plaintiffs' privacy screen extends the height of Plaintiffs' fence beyond this maximum height. *See Exhibit 4*, Affidavit of Natalie Boykin and attached photographs.

Accordingly, Plaintiffs have violated the Association's Rules by modifying their fence without seeking the required approval and by constructing a fence that exceeds the

8

maximum allowed height for fencing on their lot. Thus, the Court must deny Plaintiffs' request for a declaration that Plaintiffs' privacy screen does not violate the Rules of the Association.

## II. Plaintiffs' Remaining Declaratory Judgment Claims are not Appropriate for Declaratory Judgment.

All of Plaintiffs' remaining declaratory judgment claims are not appropriate declaratory judgment claims because they seek advisory opinions rather than presenting the Court with an actual controversy.

A declaratory judgment is available only when there is a justiciable controversy about the rights and status of the parties and the declaration would resolve the controversy. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). A declaratory judgment action may not be used to obtain an advisory opinion. *Transportation Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 227 (Tex. App.—Dallas 2012, no pet.). A declaratory judgment claim is allowed only to resolve a substantial controversy involving a genuine conflict of tangible interests. *City of Dallas v. VSC*, 347 S.W.3d 231, 240 (Tex. 2011) (citing *Beadle*, 907 S.W.2d at 467); *Boerschig v. Southwestern Holdings, Inc.*, 322 S.W.3d 752, 762 (Tex. App.—El Paso 2010, no pet.). A declaratory judgment claim is inappropriate when the relief sought is incapable of settling any actual controversy between the parties. *See VSC*, 347 S.W.3d at 240.

Here, Plaintiffs seek a number of declarations that would not settle any actual controversy between the parties. The only genuine controversy over tangible interests between the parties is whether Plaintiffs' construction of the privacy screen violates the

9

Association's Rules. The remainder of Plaintiffs' declaratory judgment claims seek advisory opinions from this Court regarding Falcon Pointe's practices, but none of these declarations would settle the controversy between the parties regarding Plaintiffs' fencing addition.

Accordingly, Plaintiffs' declaratory judgment claims do not present this court with an actual controversy and must be dismissed because they would constitute advisory opinions.

## III. Plaintiffs' DTPA Claim Fails because there is No Evidence Supporting the Essential Elements of this Claim.

Falcon Pointe is entitled to a no-evidence summary judgment on Plaintiffs' DTPA claim because there is no evidence to support essential elements of this claim. To prevail on their DTPA claim, Plaintiffs must prove the following essential elements:

(1) Plaintiffs are consumers;

(2) Falcon Pointe can be sued under the DTPA;

(3) Falcon Pointe committed an act proscribed by section 17.50 of the Texas Business & Commerce Code; and

(4) Falcon Pointe's conduct was a producing cause of Plaintiffs' damages.

*See* TEX. BUS. & COMM. CODE §§ 17.41–63. Because Plaintiffs cannot submit evidence to support elements 2–4, Plaintiffs' DTPA claim fails as a matter of law.

## IV. Falcon Pointe Requests its Reasonable and Necessary Attorneys' Fees.

As Plaintiffs' declaratory judgment claims lack any basis in law or fact, Falcon Pointe requests that the Court award reasonable and necessary attorneys' fees as are equitable and just pursuant to section 37.009 of the Texas Civil Practice and Remedies Code.

10

Attached as Exhibits 6 and 7, are affidavits supporting Falcon Pointe's request for attorneys' fees.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Falcon Pointe respectfully requests that the Court grant this motion for summary judgment and dismiss, with prejudice, Plaintiffs' declaratory judgment claims and Deceptive Trade Practices Act claim. Additionally, Falcon Pointe requests that the Court award Falcon Pointe the reasonable and necessary attorneys' fees it has expended in defending itself against Plaintiffs' claims, together with costs of court, and for any further relief at law or in equity to which Falcon Pointe is justly entitled.

Respectfully submitted,

CHAMBERLAIN ♦ MCHANEY
301 Congress, 21st Floor
Austin, Texas 78701
(512) 474-9124
(512) 474-8582 FAX

By:  /s/ David J. Campbell
     DAVID E. CHAMBERLAIN
     State Bar No. 04059800
     DAVID J. CAMPBELL
     State Bar No. 24057033

ATTORNEYS FOR DEFENDANT
FALCON POINTE COMMUNITY
ASSOCIATION

11

## CERTIFICATE OF SERVICE

I certify by my signature above that a true and correct copy of the above and foregoing has been served on all attorneys of record as listed below by electronic service on the 25th day of August, 2014:

Wesley Spears
ATTORNEY AT LAW
401 Congress Avenue
Suite 1501
Austin, Texas 78701

12

535

No. 03-14-00650-CV
_____

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS
_____

Wesley Spears and Renee Jacobs,
*Appellants*

v.

Falcon Pointe Community Homeowners' Association,
*Appellee*
_____

Appeal from County Court at Law No. 1
of Travis County, Texas, Cause No. C-1-CV-13-010214
_____

**Appellee's Brief**
_____

# APPENDIX 4

Filed: 7/9/2014 9:36:15 AM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-13-010214
Andrea Scott

NO. C-1-CV-13010214

| | | |
|---|---|---|
| **WESLEY SPEARS and RENEE JACOBS** | § | **IN THE COUNTY COURT** |
| **Plaintiffs** | § | **AT LAW NO. [1]** |
| | § | |
| **V.** | § | |
| | § | |
| **FALCON POINTE COMMUNITY** | § | **OF TRAVIS COUNTY** |
| **ASSOCIATION** | | |
| **Defendant** | | |

**PLAINTIFFS' FOURTH AMENDED PETITION FOR DAMAGES
AND DECLARATORY RELIEF**

with

**REQUEST FOR DISCLOSURE**

**I. INTRODUCTION**

Defendant, Falcon Pointe Community Association (hereinafter the

"Association") demanded that plaintiffs, remove lattice work attached to their fence

on one side of their backyard, on or about, July 26, 2013, before their next

inspection in August, 2013, pursuant to a First Violation Notice.

Plaintiffs installed the lattice because the fence sits in a depression in the

ground caused by the grading of the lot next to the plaintiffs and consequently the

fence as built is only about 4 feet high compared to the height of the plaintiffs' deck

and the rest of the lot.

Plaintiffs, immediately sent an email to Diane Botemma indicating that they

intended to request a hearing pursuant to Tex. Prop. Code Section 209.007. Diane

Bottema, of Goodwin Management, Inc., hereinafter the ("Property Manager"),

advised the plaintiffs by email that they were not entitled to a Hearing since the

President of the Board of the Association could act for the Board in matters of clear



000882070

violations of the rules of the Association without a Hearing, in violation of the Texas Property Code 209.007.

Plaintiffs removed the lattice which was attached to the top of the fence in August, 2013, timely curing violation alleged in the defective First Notice of Violation. Plaintiffs, immediately after receiving the First Notice of Violation and after being advised that they were not entitled to a Hearing, contacted Diane Bottema, the Property Manager, for the Association and arranged a meeting to discuss what type of Privacy Screen could be installed on plaintiffs' property.

Plaintiffs were provided with a picture of approved privacy fencing by email from Diane Bottema. Plaintiffs then built a Privacy Screen using the picture provided by the Property Manager, Diane Bottema and pursuant to the verbal directions given by Rainer Ficken and Diane Bottema at the plaintiffs' home. The Developer, Newland Communities is the largest private developer in the country.

On October 22, 2013, plaintiffs' received a Second Notice of Violation identical to the First Notice received on or about July 26, 2013, claiming that the new Privacy Screen was a second offense, even though the first offense was cured prior to the August inspection, as requested in the First Violation Notice. Plaintiff did not receive any Violation Notices in August or September of 2013. The Second Violation Notice, was accompanied by a Statement, indicating that plaintiffs had been fined $25.00 and assessed a $12.00 charge for sending the Second Violation Notice certified mail.

Plaintiffs' again requested a Hearing and advised the Property Manager of their intent to sue. The First Violation Notice was defective because it did not cite

2

any specific rule of the Association that plaintiffs allegedly violated. The First Violation Notice was also defective because it failed to provide a specific cure date.

The Second Notice of Violation was defective because it gave a cure date of before the "August inspection" even though it was dated October 22, 2013. The Notice was also defective because it did not cite any specific rule of the Association that defendant claimed plaintiffs had violated. The Notice was also defective because it asks plaintiffs' to remove lattice attached to the fence. The lattice, attached to plaintiffs' fence had been timely removed in August of 2013.

Plaintiffs also requested access to the records of the Association regarding prior dedicatory violations of homeowners', in order to prepare for the Hearing, scheduled for November 11, 2013. Defendant retained an Attorney who informed the plaintiffs, that the records plaintiffs requested were private and that they would not give plaintiffs access to the records unless ordered to do so, in violation of Section 209.005, of the Texas Property Code. Since that time plaintiffs' have made a number of requests as homeowners' to Diane Bottema, Property Manager of the Association. Defendant has refused each time to produce any of the records that were requested.

Defendant held a hearing on November 11, 2013, based on the defective Second Notice of Violation. The attorney representing the defendant at the Hearing, Alex Valdes, issued the ruling of the Board pursuant to a letter to Attorney Wesley Spears which said:

"Upon careful consideration of all the facts and circumstances exercise their

3

business judgments as to the best interests of the Association, the Board has made a final determination regarding your installation of improvements and modifications that were not approved by the Association. The Board hereby reaffirms and upholds its previous decision regarding the violation set forth in its prior correspondence to you." Attorney Valdes' letter cites no rule that has been violated or upon which the Board's decision was allegedly based.

The Valdes letter does not identify when the Board held any previous meeting or Hearing were the Board allegedly made its original decision regarding the Privacy Screen. Based on the foregoing the Hearing that was held on November 11, 2013, was in violation of Texas Property Code, Section 209.007, since it was based on a defective Notice. The Hearing was also invalid because plaintiffs were never advised of a specific rule of the Association that plaintiffs were alleged to have violated. The defective Notice also provided a factually impossible cure date of before the August inspection, for a Notice dated in October, and a Hearing held in November.

## II. DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiffs intend to use discovery Level 2.

## III. PARTIES AND SERVICE

2.     Plaintiffs, Wesley Spears and Renee Jacobs are individuals whose address is 2913 Dusty Chisolm Trail, Pflugerville, Texas 78660.

3.     Defendant, the Association is a Texas domestic nonprofit corporation whose physical location is in Austin, Travis County, Texas. Service of process on the Association is proper on its registered agent, Goodwin Management,

4

514

Inc., 11149 Research, Suite. 100, Austin, Texas 78759.

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. Per Tex. R. Civ. P. 47, this suit seeks monetary relief of $100,000 or less, but more than $1000.00. and nonmonetary relief.

6. Vcnuc in Travis County is proper in this cause under Section 15.002(a)(1) of the Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this Travis County.

## IV. FACTS

7. On or about July 26, 2013, the Association pursuant to a Notice of Violation demanded that plaintiffs remove wooden lattice attached to their fence. Plaintiffs incurred over $1000.00 in the purchase of the lattice, other materials and labor to install and remove the lattice at the demand of the defendant, under the threat of imposition of a fine.

8. Plaintiffs, immediately after receiving the First Notice of Violation, indicated that they intended to request a Hearing by email to Diane Bottema, after they had an opportunity to investigate their rights, pursuant to Texas Property Code Section 209.007, and before removing the lattice wood screening.

9. Plaintiffs were advised by the Property Manager, Diane Bottema, that they were not entitled to a Hearing since the President of the Board could act on behalf of the Board in these matters.

5

515

10.    Plaintiffs were never advised that the President of the Falcon Pointe Community Association was also the Developers, Newland Communities, Property Manager at Falcon Pointe. Falcon Pointe is a homeowners' association with 500 to 1500 houses, and, with a budget in excess of $1,000,000 per year. The development has been in existence for fifteen years and is still constructing new homes.

11.    Plaintiffs then timely removed the Lattice from the fence pursuant to the First Violation Notice in August, 2013.

12.    Pursuant to Plaintiffs', request a meeting with the Property Manager to discuss what type of privacy fencing was allowed.

13.    Pursuant to that meeting at which Rainer Ficken the Developer's Property Manager and President of the Homeowners' Association and Diane Bottema, the Association's Property Manager were present. Plaintiffs were provided with a picture of privacy screening that was approved by the Association, after the meeting and were given verbal instructions by Rainer Ficken and Diane Bottema regarding what type of Privacy Screen could be installed at the meeting.

14.    Plaintiffs pursuant to the picture provided by Diane Bottema and Ranier Ficken and the instructions given at the meeting plaintiffs rebuilt a privacy screen as a freestanding structure that was substantially similar to the drawing and verbal instructions provided by Diane Bottema and Ranier Ficken.

15.    Plaintiffs received a Second Violation Notice by certified Mail dated October 22, 2013, the notice was identical to the first Notice and reads in pertinent part as follows:

6

516

"Comments: Lattice work on fence is noncompliant with the Falcon Pointe Community HOA guidelines. Please remove before the next inspection in August. Failure to address this issue before the next inspection will result in additional violations and a $50 fine. We appreciate your intention to this matter."

16. The Second Violation Notice is defective in that there is nothing attached to the fence. The subject privacy screen plaintiffs built is not attached in any way to the subject fence and is entirely on Plaintiffs' property.

17. The Notice letter is also defective because it gives a cure date of by the "August inspection" even though the Notice is dated, October 22, 2013. Before the August Inspection was the same date provided in the First Violation Notice, which plaintiffs complied with. The subject Notice appears to be a sloppy revision of the First Violation Notice.

18. The Notice is also defective because it does not cite any specific rule that plaintiffs are alleged to have violated.

19. The Plaintiffs also received a statement with the October 22, 2013, Second Violation Notice from the Association imposing a $25 fine and a $12.00 charge for sending the letter certified mail which was assessed prior to a Hearing.

20. Plaintiffs again immediately requested a Hearing in writing and requested access to the records of the Association regarding records of prior dedicatory violations claimed by the Association, in order to prepare for a Hearing scheduled for November 11, 2013.

21. Defendant retained counsel, who advised plaintiffs, that the Association considered, the requested records private, and would not disclose them unless ordered to do so in violation of Texas Property Code Section 209.005.

7

22. Defendants allegedly held a Hearing of the Board of Directors on November 11, 2013, based on the Second Defective Violation Notice.

23. On December 3, 2013, Plaintiffs received a Third Violation Notice again citing plaintiffs' for violations related to the subject Privacy Screen.

24. The Third Violation Notice refers to lattice work this time leaving off attached to the fence as in the First and Second Violation Notices and cites the following language:

"Improvement-Architectural control approval is required for any modification or alteration". The Notice letter imposes a $50.00 fine and a $12.00 certified mail fee based on the previous violation letters even though it cites an entirely new violation based on entirely new grounds but again not citing a specific rule. Defendants filed this new notice because it is aware that it previous Violation Notice letters were defective. The Third Notice is also defective because it gives no cure date and is based on the First and Second Violation Notices, which were also defective.

## V. CLAIM FOR DAMAGES

25. The Plaintiffs claim damages in excess of $1000 for the wood lattice and other materials, and the value of the labor expended to remove the subject lattice by the Plaintiffs pursuant to First Violation Notice sent to the Plaintiffs by the defendant, demanding that plaintiffs remove the lattice work attached to the fence.

## VI. CLAIM FOR DECLARATORY JUDGMENT

26. Plaintiffs seek a declaration that all Notices of Violation issued by the defendant Association must provide the specific rule that the Association is claiming that the homeowner' violated. Plaintiff also seeks a declaration that the defendant's,

8

ᔕ/ᗷ

Notices of the Violations of Rules of the Association must contain a cure date provided by law and not a statement that the claimed defect must be cured before the next inspection.

27. A declaration that fines may not be imposed before affording the homeowner(s) charged with a violation a Hearing with a reasonable opportunity to present evidence.

28. Plaintiffs are also requesting a declaration that the Association may not deny members access to the records of the Association and the Association must keep the records in a manner which makes them reasonable available to the members.

29. Plaintiff also seeks a declaration that the Homeowners' Association must disclose to all existing and prospective Homeowners that Ranier Ficken is the developer, Newland Communities, Property Manager at Falcon Pointe Community Association and also the President of the Homeowners' Association and that the two positions are in a conflict of interest with each other and that the Board is under the control of the Developer.

30. Plaintiffs' also seek a declaration that the Developer's control over the Homeowners' Association after ten years was in violation of Tex. Prop. Code Section 209.005 which calls for one third of the members of the Board to be elected by the Homeowners' after ten years if the Declaration does not set forth how many lots were going to be developed. Failure to comply with Tex. Property Code Section 209.00591, is a deceptive trade practice.

9

31.     A declaration that the failure to cite a specific rule before finding plaintiffs in violation of the rules of the Association amounts arbitrary and capricious enforcement of the rules of the Association and/or a denial of equal protection of the Rules of the Association.

32.     Plaintiffs seek a declaration the President of the Association may not act for the Board in matters requiring Board approval.

33.     Finally, the plaintiffs request a declaration that the Privacy Screen in question was built in substantial compliance with the example and verbal instructions which were provided to the plaintiffs by the Property Manager, Diane Bottema and Ranier Ficken, President of the Homeowners' Association and the Developer, Newland Properties, Property Manager and is not in violation of the Rules of the Association and/or that the actions of the Board were Arbitrary and Capricious because it was not based on a violation of a rule of the Association.

## VII. ATTORNEYS FEES AND COSTS

34.     Plaintiffs request that they recover reasonable and necessary attorney fees, and costs that are equitable and just under Texas Civil Practice & Remedies Code.

## DECEPTIVE TRADE PRACTICES

35.     Plaintiff incorporates paragraphs 2 through 34 above. The Falcon Pointe Homeowners' Association has violated the Texas Deceptive Trade Practices Act by failing to disclose that the Homeowners' Association was under the control of the Developer's, Newland Communities, Property Manager, Ranier Ficken, who is also President of the Association, a clear conflict of interest.

10



36. The Board of the Falcon Pointe Homeowners' Association is under the absolute control of the developer after ten years since the initial Declaration was recorded. The Declaration does not establish how many lots will be in the subdivision. When plaintiff, Wesley Spears, applied to be a voting member of the Board his name was not even placed on the ballot for the most recent election of voting member's of the Association in June, 2014. All candidates for the Board are chosen by a Nominating Committee, which is under the control of the developer. Plaintiffs' were only given one person to vote as their voting member of the Board, even though plaintiff, Wesley Spears applied to be a voting member of the Board.

37. The Falcon Ponte project is continuing expand with many new homes planned over the next ten years or more.

38. Defendant's failure to disclose that the Homeowners' Association has been under the Developer's control for over ten years and still is controlling 100% of the Board of the Association is in violation of Tex. Prop. Code Section 209.00591. The Association never disclosed that Board of Directors was chosen by a Nominating Committee which is under the control of the developer and that therefore. homeowners' have no real say in the management of the Association. Nor did defendant disclose that it still controlled the Board after ten years in violation of Tex. Prop. Code Section 209.00591. Further, the developer has retained an absolute veto power over decision's of the Board which was also not disclosed by the Association and is also deceptive. The actions of the defendant described above are deceptive trade practices and is in violation of Texas law.

## VIII. REQUEST FOR DISCLOSURE

39.     Under Texas Rule of Civil Procedure 194, plaintiffs request that the Defendant disclose within 50 days of the service of this request, the information or Material, described in Rule 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Wesley Spears and Renee Jacobs respectfully prays that the Defendant be cited to appear and answer herein and that upon the final hearing of the cause, judgment be entered for the Plaintiffs against the Defendant for damages and for declaratory judgment as set forth herein, costs of court, attorney's fees, and such other and further relief to which the Plaintiffs may be entitled at law or in equity, including but not limited to Injunctive Relief enjoining all or one of the violations of the Texas Property Code outlined above and/or double or treble damages, if applicable.

Respectfully submitted,

By: _Wesley S—_
Wesley Spears
Texas Bar No. 18898400
401 Congress Avenue,
Suite 1501
Austin, Texas 78701
Tel. (512) 696-2222
Fax. (512) 687-3499
Attorney For Plaintiffs



## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been efiled and served in compliance with the Texas Rules of Civil Procedure on the 9th day of July, 2014.

13